STEPHEN OLIVER, JR. *vs.* CITY OF LYNN.

Essex. Nov. 5, 1880. — Jan. 10, 1881. AMES & ENDICOTT, JJ., absent.

An action to recover back the amount of a tax paid under protest cannot be maintained, unless the plaintiff shows that the tax was wholly illegal.

The amount of a tax assessed upon the property of a firm after its dissolution, and paid under protest by one partner, cannot be recovered back by him, if the statement of facts upon which the case is submitted to the court does not show that, at the time the tax was assessed, the affairs of the firm had been wound up, or that there was no taxable property of the firm remaining undisposed of.

MORTON, J. It appears by the facts agreed that the plaintiff was formerly a member of the firm of "Stephen Oliver, Jr. & Co.," carrying on business in Lynn; that the firm was dissolved by the act of the partners in 1869; that in 1870 and 1871 the assessors of Lynn assessed taxes to "Stephen Oliver, Jr. & Co." which were paid by the members of the firm; and that in 1872 and 1873 they assessed to "Stephen Oliver, Jr. & Co." taxes

amounting to $2208, which were paid by the plaintiff, under a protest in writing. This suit is brought to recover back said taxes for 1872 and 1873; it cannot be maintained, unless the plaintiff shows that the tax sought to be recovered back was wholly illegal. If the assessment included any property of the firm which was liable to taxation, the plaintiff's only remedy was an application for abatement under the Gen. Sts. *c.* 11, § 43. *Lincoln* v. *Worcester*, 8 Cush. 55.

We assume, for the purposes of the case, that the assessors intended, as the form they used implies, to tax the property of the firm; and that this is to be regarded as a distinct and independent tax, so that the fact that the plaintiff was liable to and was assessed a personal tax at the same time does not prevent his recovery, if the firm tax was wholly illegal. *Little* v. *Cambridge*, 9 Cush. 298.

The statute provides that "partners in mercantile or other business, whether residing in the same or different places, may be jointly taxed under their partnership name, in the place where their business is carried on, for all the personal property employed in such business, except ships or vessels," and "when so jointly taxed each partner shall be liable for the whole tax." Gen. Sts. *c.* 11, § 15.

The dissolution of a firm by the act of the partners does not immediately terminate its existence for all purposes. It still subsists and continues for the purpose of closing up its concerns. Such dissolution does not exempt the firm property from taxation; it does not work a division or separation of the property so that the share of each partner can be taxed to him, but it continues to be the property of the firm. We are of opinion that, for the purposes of taxation, the firm continues to exist until its affairs are wound up, or until the firm property is disposed of. In the case before us, the statement of facts, which seems to have been carefully drawn, does not state that the affairs of the firm of "Stephen Oliver, Jr. & Co." have been wound up, or that there is no taxable property of the firm remaining undisposed of. For aught that appears, there may have been at the time the taxes were assessed taxable property of the firm of a value as large as the amount for which the firm was assessed. If so, the taxes assessed were legal and proper; or if there was then any

taxable property of the firm, though of less value than the amount assessed, his only remedy was by an application for abatement. It follows that the statement of facts upon which the case is submitted to us does not show that the plaintiff is entitled to recover. In other words, the plaintiff fails to meet the burden which is upon him of proving that the taxes of which he complains were wholly illegal. Without such proof he is not entitled to maintain a suit to recover them back.

*Judgment for the defendant.*

*D. Peabody,* for the plaintiff.

*C. P. Thompson,* (*D. O. Allen* with him,) for the defendant.