THOMAS SHERWIN *vs.* BOSTON FIVE CENTS SAVINGS BANK.

Suffolk. Jan. 11. — July 15, 1884. DEVENS & HOLMES, JJ., absent.

An action on the Gen. Sts. *c.* 12, § 40, by the collector of taxes of a city, against a mortgagee of land, who has entered thereon and foreclosed his mortgage, after the lien created by § 22 has expired, for the amount of taxes assessed upon the land to the mortgagor in possession, cannot be maintained.

FIELD, J. This is an action originally brought by the city of Boston, and, by amendment, now prosecuted by Thomas Sherwin, late the collector of the city, to recover, under the Gen. Sts. *c.* 12, § 40, taxes assessed on a parcel of land in 1872 and 1873 to Charles A. Wood, then the owner of the equity of redemption in possession; a tax assessed on the same parcel in 1874 to Josiah S. Eastman, then the owner of the equity of redemption in possession; and a tax assessed on another parcel in 1875 to Jonathan Preston, then the owner of the equity of redemption in possession. Each of the parcels was, at the dates respectively of the assessments, subject to a mortgage to the defendant; and, in September, 1879, the defendant made the statutory entry for the purpose of foreclosing the mortgages, and certificates thereof were duly made and recorded, but otherwise than this the defendant was never in possession. The agreed

facts state that, "at the date of said entries, no lien existed on any part of said real estate for said taxes, or either of them. All of said mortgages had been paid and discharged before there was any notice or demand addressed to the defendant as mortgagee in possession, in regard to the payment of said taxes."

By the Gen. Sts. *c.* 11, § 8, "Taxes on real estate shall be assessed in the city or town where the estate lies, to the person who is either the owner or in possession thereof on the first day of May. Mortgagors of real estate shall, for the purposes of taxation, be deemed owners until the mortgagee takes possession, after which the mortgagee shall be deemed the owner." By *c.* 12, § 22, "Taxes assessed on real estate shall constitute a lien thereon for two years after they are committed to the collector; and may with all incidental costs and expenses be levied by sale thereof," &c.

The plaintiff contends that, in addition to this remedy by a sale of the estate, there is a remedy against the person to whom the taxes are assessed by distress, §§ 7, 8; by arrest, § 13; and by action, § 19; that these remedies are to recover taxes assessed on real, as well as on personal estate; that the words, "all taxes due thereon," in § 40, mean all taxes which have been legally assessed to any person on the real estate, which have not been paid, and for the recovery of which any process would lie; that there is no limitation to the remedies by distress or arrest, and only the general limitation of personal actions to the remedy by action; and that this limitation had not expired when the defendant entered.

In *West Roxbury* v. *Minot*, 114 Mass. 546, the court say, that "taxes on real estate, being a lien on the estate, can only be enforced by the sale of the estate itself;" but certainly this has never been decided, and the case did not call for any construction of the statutes relating to a distress, or an arrest, or an action for the recovery of taxes; and there are expressions inconsistent with this statement in the opinions of the court in several cases. *Hayden* v. *Foster*, 13 Pick. 492. *Burr* v. *Wilcox*, 13 Allen, 269. *Cochran* v. *Guild*, 106 Mass. 29.

The St. of 1785, *c.* 70, provided, as the general remedy for the collection of all taxes, a distress of goods and an arrest of the person, and only in special cases, as, for example, when the

owner was non-resident or, after the assessment, had removed from the municipality, gave the right to sell the land. §§ 6, 7, 15. The St. of 1789, c. 4, gave an action to the constables or collectors to recover the rates, such as other creditors have for the recovery of debts, when a person duly rated dies, or removes out of the town, district, or plantation, or, being an unmarried woman, intermarries before the payment of the rates. The St. of 1823, c. 133, was the first general law which provided that all taxes on real estate should be a lien, although, before that time, taxes on real estate in Boston had been made a lien. That statute provided that the tax might be collected by a sale of the real estate, in the same manner as "taxes assessed on lands of non-resident proprietors."

In *Hayden* v. *Foster*, *ubi supra*, the court say of this remedy, "It is a remedy superadded to those of demand, distress, and imprisonment." In this statute, there was no limitation of time; and the court say, "Nor can we entertain a doubt that such lien continues until the tax is paid." The limitation of two years was first enacted in the Rev. Sts. c. 8, § 18, with the provision that "nothing in this section shall restrain the collector from selling any real estate for taxes after the said term of two years shall have elapsed, unless said estate shall have been alienated in the mean time."

The Rev. Sts. c. 8, § 15, retained the provisions of the St. of 1789, c. 4, authorizing a suit by the collector, if the person taxed removes, dies, or, being an unmarried woman, intermarries before the payment of the tax, but gave an action in no other case. The St. of 1859, c. 171, extended this provision "to all cases in which taxes committed to a collector have remained unpaid for one year after such commitment." These provisions became the Gen. Sts. c. 12, § 19, and the Pub. Sts. c. 12, § 20.

In the view we take of this case, it is not necessary to decide whether there are remedies by distress, by arrest, and by action, for the purpose of collecting a tax assessed on real estate of the person to whom it has been assessed. We assume that such remedies, or some of them, exist.

The St. of 1849, c. 213, § 1, provided that "no sale of any real estate for taxes shall affect the rights of any person not taxable therefor: provided, that any mortgagee, upon taking possession

of said real estate by force of his mortgage, shall be liable to pay all taxes then due, and the costs and expenses of any sale that shall have taken place." This is the earliest provision we have seen making the mortgagee liable for the taxes upon taking possession.

The St. of 1856, *c.* 239, provided, in § 1, that "taxes assessed on real estate hereafter mortgaged shall, in all cases, constitute a lien thereon for two years after they are committed to the collector; and said taxes .... may be levied by sale, .... as is now by law provided in cases of real estate not mortgaged;" and, in § 2, provided for a demand upon the mortgagee if the owner for three months after demand refused to pay, and gave the mortgagee a lien if he paid the taxes; and in § 3, that "any mortgagee, upon taking possession of any real estate by force of his mortgage, shall be liable to pay all taxes then due, and the costs and expenses of any sale that shall have taken place;" and in § 5, that "no sale of real estate for taxes shall affect the rights of any person not taxable therefor, unless a written demand is first made upon said person, by the collector, for the payment of said taxes." The St. of 1849, *c.* 213, was repealed by § 6 of the St. of 1856. There is no express provision in this statute for a sale of the real estate after the two years have elapsed. Section 5 was repealed by the St. of 1858, *c.* 82. The Gen. Sts. *c.* 12, §§ 39, 40, 41, were enacted as they were reported by the commissioners; and are, as the commissioners say, in part new. They say that the provisions of the St. of 1856, *c.* 239, §§ 1, 2, 3, "are not clear in their purpose, and contain provisions inconsistent with each other, and differences not easily reconciled."

Section 18 of the Rev. Sts. *c.* 8, was reënacted in the Gen. Sts. *c.* 12, § 22, except that the provision in the Revised Statutes, that nothing in the section shall restrain the collector from selling real estate for taxes after the two years have elapsed, if it has not been alienated in the mean time, was changed so as to read, "but the collector may sell real estate for taxes after two years have elapsed, unless the estate has been alienated in the mean time;" but it is nowhere declared in the General Statutes that the lien shall continue beyond two years after the tax has been committed to the collector.

In *Parker* v. *Baxter*, 2 Gray, 185, it was decided that the lien created by the Revised Statutes, when the tax was assessed to the mortgagor in possession, was a lien on the entire estate, and was not limited to the interest of the mortgagor. It has never been decided that the provision that the collector may sell after the two years have elapsed during which the lien continues, if the estate has not been in the mean time alienated, confers the right to sell the entire estate, if it is subject to a mortgage, and we think the provision was intended to give the right to sell only the interest of the person to whom the tax was assessed. See *Holden* v. *Eaton*, 7 Pick. 15; *Kelso* v. *Boston*, 120 Mass. 297; *Russell* v. *Deshon*, 124 Mass. 342.

An entry by a mortgagee is not an alienation of the land; and the agreed facts do not show that there has or has not been an alienation of the equity of redemption after the assessments and before the entry by the defendant, except that it may be inferred that, after the taxes for 1872 and 1873 were assessed on the first parcel, Wood must have conveyed away his equity. Still, we are of opinion that a sale of real estate, after the lien has expired, for the payment of a tax assessed to the mortgagor in possession, would not convey to the purchaser the interest of the mortgagee. We think that the St. of 1856, *c.* 239, intended that a mortgagee not in possession should not be deprived of his interest except by a sale while the lien continues; and that this is still the intention of the statutes.

Construing then the Gen. Sts. *c.* 12, § 40, in this view of the law, we think that the words, "all taxes due thereon," mean all taxes which are a lien on the estate, and do not include taxes assessed to the mortgagor in possession, on or for the estate, the lien for which has expired.

It is objected to this construction, that this section also provides that, if a sale has taken place, the purchaser may recover the taxes and the expenses of sale; that the taxes are not a lien on the estate after the sale; and that therefore the section is not to be limited to taxes that are a lien. But this is a provision, not in favor of a collector, but of a purchaser; and, as we construe it, is to enable the purchaser to collect the amount of the taxes and expenses of sale of a person on whose land they were a lien when the sale was made, and which therefore have

been paid for his benefit.    Although the statute does not declare what shall be the effect of a collection by the purchaser of this amount, it would undoubtedly be held that the purchaser's title would thereby become void.    The taxes assessed to the mortgagor in possession, which were not a lien on the land, were taxes, as we have held, for which neither the mortgagee nor his estate was liable before he entered into possession.    It would be a violent construction to hold that the mortgagee, by exercising his legal rights in taking possession under his mortgage, became personally liable for this indebtedness of the mortgagor. But when the taxes are a lien on the land, the estate of the mortgagee can be sold to pay them, and, by taking possession, the mortgagee only becomes personally liable to pay what before the entry his property was liable to pay; and, when a sale to pay such taxes has been made, the purchaser has acquired the estate of the mortgagee, subject to redemption; and if the purchaser chooses to consider these taxes as paid in behalf of the mortgagee, and to sue him therefor, they are certainly paid for his benefit, as the payment has removed a lien from his estate; but the purchaser ought not to continue to hold title to the land.    *Andrews* v. *Worcester County Ins. Co.* 5 Allen, 65. *Tinslar* v. *Davis*, 12 Allen, 79.

As the taxes sued for were not a lien on the estate when the mortgagee entered into possession, it is unnecessary to consider the other question argued; and the judgment for the defendant must be                                                     *Affirmed.*

*E. B. Hagar*, for the plaintiff.

*C. F. Kittredge*, for the defendant.