JAMES A. NORCROSS & another *vs.* INHABITANTS OF MILFORD.

Worcester.     September 30, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Tax — Non-resident — Personal Property — Payment under Protest — Abatement.*

If certain distinguishable items of a tax upon personal property, assessed by a town to non-residents, are improperly assessed there, the only remedy is by an application for an abatement under the Pub. Sts. c. 11, § 69.

CONTRACT to recover the amount of certain taxes on personal property, paid under protest. The case was submitted to the

Superior Court on an agreed statement of facts, which, so far as material, is as follows.

The plaintiffs are building contractors, doing business under the firm name of Norcross Brothers, with a principal place of business in Worcester, and with stone yards in that city and in Boston, where they cut and deal in stone. They own land in the defendant town, which contains a quarry of stone, and other land along a railroad not far from the quarry, with the buildings on it, which they use for a stone yard. They also own and use, both at the quarry and at this yard, machinery for the quarrying, cutting, and polishing of stone. They also employ horses and oxen in the yard, and keep them there throughout the year. Some of the stone quarried by them in Milford is dressed in the yard there before shipment, and the rest is shipped in the rough to their yards in Worcester and in Boston. In the year 1886 the plaintiffs were assessed in the defendant town for machinery, boilers, and engines, and for " stone quarried and dressed "; and in the year 1887, for machinery, boilers and engines, horses and oxen, and for " stock in trade." These taxes were paid by the plaintiffs after a protest in writing, and after demand upon them by the collector of taxes.

Judgment was entered for the plaintiffs, with interest, for the amount of the taxes paid in those years on the " stone quarried and dressed," and on the " stock in trade "; and the defendant appealed to this court.

*H. E. Fales*, for the defendant.

*W. S. B. Hopkins*, for the plaintiffs.

C. ALLEN, J. The plaintiffs do not contend that the assessment for their machinery and boilers and engines in 1886, and for the same and also for their horses and oxen in 1887, was improper, but they contend merely that they were improperly assessed in 1886 for their stone quarried and dressed, and in 1887 for their stock in trade; and the Superior Court, agreeing with these views, gave judgment for the plaintiffs for the sums paid by them for the latter taxes, the attention of the court not being called, as we were informed at the argument, to the objection now urged by the defendant, that, assuming the facts to be so, the plaintiff's sole remedy was by an application for an abatement under the Pub. Sts. c. 11, § 69. This objection

must prevail. The rule of law has been settled for many years, and is not modified by the fact that the plaintiffs were non-residents of the town, or that the items of personal property were distinguishable from each other. Being properly taxable in each year for certain personal property, they cannot try the question in an action at law whether other personal property was lawfully assessed to them or not. *Richardson* v. *Boston*, 148 Mass. 508, 512, 513, and cases cited.

*Judgment for the plaintiffs reversed.*