## LOUIS B. SCHWARZ vs. CITY OF BOSTON.

Suffolk.   January 15, 1890. — February 27, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Case stated — Tax on Distinct Parcels of Real Estate — Part Payment under Protest — Action to recover back — Abatement.*

Upon a case stated, containing no express authority to draw inferences of fact, the Superior Court is confined to ruling upon the effect of the facts stated, as matter of law; and the only question on appeal is whether such ruling was right, not whether there was any evidence to warrant a finding.

A tax was assessed by a city to a person upon church real estate held by him in trust, as well as upon land of his own, all of which had been mortgaged by him to a savings bank; and the next year a tax upon the mortgaged premises was assessed to the mortgagee, which had other taxable real estate in the city. Such person paid the tax for both years upon the church property under protest, and then brought an action at law to recover it back. *Held*, that his only remedy was by abatement.

CONTRACT to recover the amount of taxes paid under protest. The case was submitted to the Superior Court upon an agreed statement of facts, which contained no clause authorizing the court to draw inferences of fact, in substance as follows.

In 1870 the city of Boston, for a valuable consideration paid by the German United Evangelical Lutheran and Reformed Society, conveyed a parcel of land to the plaintiff.   A house of religious worship was built on this land in the years 1870 and 1871, and has ever since been occupied by that society, of which the plaintiff was the pastor.   At the time of such conveyance the plaintiff executed a written declaration, which was then brought to the notice of the assistant city solicitor, to the effect that he held the land in trust for the benefit of that society, which declaration was lost, was never recorded, and contained no authority to mortgage the land.   On July 18, 1871, the plaintiff mortgaged the church property so held by him, together with other real estate in Boston owned by him in his own right, to the Home Savings Bank, which had notice of the trust, and which, on September 13, 1875, made an entry under the mortgage, and duly recorded evidence of possession.   In 1878 a tax was assessed to the plaintiff on the real estate, including the

church property, covered by the mortgage, and in the years
1879 and 1880 taxes were assessed to the Home Savings Bank
on the same real estate.   The bank in these years had other
real estate in Boston subject to taxation.     Separate tax bills for
the tax upon the church real estate were delivered to the plain-
tiff at his request during each of these three years, and he paid
the tax so assessed upon such real estate under a written protest
in due form, and the city collector receipted for them upon such
bills.    The defendant contended that the plaintiff's only remedy
was by an application for abatement, or by a reassessment.

If the plaintiff was entitled to recover back the tax so paid by
him under protest, judgment was to be entered for him for cer-
tain sums agreed upon ; otherwise, judgment was to be entered
for the defendant.   The Superior Court ordered judgment for
the plaintiff; and the defendant appealed to this court.

*T. M. Babson,* for the defendant.

*D. E. Ware,* for the plaintiff.

HOLMES, J.   This case having been submitted upon an agreed
statement of facts, and no power to draw inferences of fact hav-
ing been given in express terms, the Superior Court was confined
to ruling upon the effect of the facts stated as matter of law.
The question here is, whether the ruling was right, not whether
there was any evidence warranting a finding.    *Old Colony Rail-
road* v. *Wilder,* 137 Mass. 536.   *Mayhew* v. *Durfee,* 138 Mass. 584.

The plaintiff had other real estate which was rightly taxed to
him, besides the church property which he held in trust.   So had
the Home Savings Bank in the years when the tax upon the
church property was assessed to it.   We see no ground for the
suggestion that the plaintiff was taxed separately upon the church
property.   It follows that, if the tax upon the church was wrong,
the only remedy was by a petition for abatement, unless we are
to overrule *Richardson* v. *Boston,* 148 Mass. 508, 512, 513.

The counsel for the plaintiff argues that the older decisions
followed in *Richardson* v. *Boston* ceased to be applicable upon
the passage of the St. of 1861, c. 167 (Pub. Sts. c. 11, § 53).
That statute required the assessors to enter in books, in columns
numbered 16, 17, and 18, the descriptions and true value of each
and every lot of land assessed.    The previous statutes required
the assessors' list to exhibit the description of the real estate of

the inhabitants assessed, the true value of their real estate, and the tax assessed on such real estate. Gen. Sts. c. 11, § 34. Rev. Sts. c. 7, § 30. It is argued that the earlier statutes made the tax an integral tax, and that the rule that the only remedy was by abatement was devised to avoid the necessity of holding the whole tax void, whereas now, it is said, the tax on each lot is made a separate tax by the words to which we have referred.

, A partial answer to this argument was furnished by the counsel for the plaintiff himself. For he pointed out that it was held under the old statutes that their meaning was to require a separate valuation of each separate estate, and it follows that there is no such difference as is supposed between them as they were construed and the present law. *Hayden* v. *Foster*, 13 Pick. 492. The conclusion that all the real estate in one city belonging to the same owner constituted, as between the city and the tax-payer, but one subject of taxation, did not purport to be drawn from a nice construction of the words of the act then in force, but from the general nature of the case. *Boston Water Power Co.* v. *Boston*, 9 Met. 199, 204. *Howe* v. *Boston*, 7 Cush. 273.

Another reason, perhaps, besides those mentioned, may be found in the policy of inducing tax-payers to furnish lists of their property. An abatement cannot be had unless a list is furnished. Pub. Sts. c. 11, § 72. If no list is furnished, the tax-payer takes his chances, and waives all those exceptions which he could take only on condition of having given in a list. *Lincoln* v. *Worcester*, 8 Cush. 55, 63, 64. If a list is furnished, the statutory remedy is open, and then there is no injustice in holding it exclusive in a case like this.

But, further, if the former statutes expressed any intent to treat the tax on different estates as one tax for the present purpose, the Public Statutes do not disclose a different intention. The same section on which the plaintiff relies also requires the assessors to enter, in column numbered 21, " the aggregate value of each person's taxable real estate," and in column numbered 22, " the total tax on real estate"; and, on the other hand, it equally requires a description and valuation of the various items enumerated of personal property. It hardly would be argued that the tax on every chattel was a distinct and separate tax. *Norcross* v. *Milford*, 150 Mass. 237.

Another argument was founded on the St. of 1859, c. 118, §§ 3, 4; Gen. Sts. c. 11, § 54, c. 12, § 56; Pub. Sts. c. 11, § 84, c. 12, § 84.    These sections provide, that if, through any erroneous or illegal assessment, a party is assessed more or less than his due proportion, the tax and assessment shall be void only to the extent of the illegal excess; and that the damages awarded in a suit or process on that ground shall not be greater than the excess of the tax above the amount for which the plaintiff was liable to be taxed.    We think it too plain for extended argument, that these statutes do not change the unit of taxation, so to speak, or affect the question before us.    They assume that the taxes of which they speak would have been void altogether, and recovered as a whole, but for their enactment, and proceed to modify that consequence.    Such was not the law of a tax on real estate void only as to one parcel of it.

No doubt, originally it would have been possible to regard the tax upon each parcel of land as distinct, with reference to the question of its validity and of recovering it back, as well as with reference to the lien.    But the law has been settled otherwise for a long time.    We see no indications of intent to change the established policy.    As our decision upon this point disposes of the case, we express no opinion as to the validity of the tax upon the parcel held by the plaintiff upon a trust not disclosed by the records in the registry of deeds.

*Judgment for the defendant.*