## ESEK H. PIERCE *vs.* CHARLES EDDY.

Bristol.    November 1, 1890. — January 7, 1891.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Taxation of Domestic Animals — Abatement.*

The owner of a farm situated in two towns, his house being in one and his barn in the other, is taxable in the latter for his horses, which are habitually kept, fed, and watered in the barn, although used on the entire farm, under the Pub. Sts. c. 11, § 20, cl. 3, which provide that "horses . . . kept throughout the year in places other than those where the owners reside . . . shall be assessed to the owners in the places where they are kept."

It seems that an action is maintainable by a collector of taxes to recover a tax, only part of which is legal, the tax-payer's only remedy being by an application for an abatement.

CONTRACT, brought by the collector of taxes of the town of Rehoboth for the year 1889, to recover the amount of taxes for that year assessed upon personal property belonging to the defendant, and consisting of horses and cows.    The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, which appear in the opinion.

*H. K. Braley*, for the plaintiff.

*A. N. Lincoln*, for the defendant.

C. ALLEN, J.　The defendant's farm was in two towns, Swanzey and Rehoboth, about one half in each.　His house was in Swanzey, his barn in Rehoboth, and the barn well was also in Rehoboth.　He had no other barn connected with his dwelling-house and farm.　He used it for the keeping and housing of his cattle and horses, as well as for general farming purposes.　On May 1, 1889, he had in this barn four horses and seven cows; they had been there and on the farm " for a long space of time." It is not suggested in the agreed statement of facts, or in the argument, that there had been any change in the mode or place of keeping them for twelve months.　The horses were used in connection with the farm.　It does not appear that they were ever put out to pasture, though the cows were.

By the Pub. Sts. c. 11, § 20, cl. 3, it is provided that "horses . . . kept throughout the year in places other than those where the owners reside . . . shall be assessed to the owners in the places where they are kept."　Within the meaning of this statute, we think the horses must be deemed to have been kept in Rehoboth.　A horse is kept where he is habitually housed, fed, and watered, where he lives and has his home, provided there is any such place.　The fact of using him more or less across the boundary line of the town does not alter the fact that the place where he is kept is the barn where he lives.

The question as to the cows, if considered by itself alone, is less clear, because they were pastured in Swanzey during the spring and summer; it is not distinctly stated whether they returned every night to the barn.　However, we need not consider this, because the defendant does not deny that he is liable for the whole tax on personal property if liable for any part of it. This is on the principle, that, if one considers his tax excessive, the statute provides a method of making complaint by applying for an abatement, which has long been considered to be the sole remedy in such a case.　If there is a valid assessment for personal property, or for real estate, each being a substantive and integral thing, the person assessed cannot go behind the assessment and object to the details, except by applying for an abatement.　Such application is made in the first instance to the

assessors (Pub. Sts. c. 11, § 69), with a right of appeal to the county commissioners (Pub. Sts. c. 11, § 71), and now to the Superior Court (St. of 1890, c. 127, § 1), with provisions for a speedy hearing. *Osborn* v. *Danvers,* 6 Pick. 98. *Howe* v. *Boston,* 7 Cush. 273, 275. *Lincoln* v. *Worcester,* 8 Cush. 55. *Salmond* v. *Hanover,* 13 Allen, 119. *Hicks* v. *Westport,* 130 Mass. 478, 480. *Oliver* v. *Lynn,* 130 Mass. 143. *Richardson* v. *Boston,* 148 Mass. 508. Although the cases where this doctrine has been applied have been actions by the tax-payer to recover back the tax after payment, it also seems applicable to the present action.

*Judgment for the plaintiff affirmed.*