## MELVIN G. ROGERS *vs.* MICHAEL F. GOOKIN & another.

Middlesex.   November 13, 1907. — May 18, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Tax*, Apportionment, Collection.

The provision of Pub. Sts. c. 11, § 81, for the apportionment by the assessors of a tax on real estate "upon the written request of the owner or mortgagee of any portion thereof . . . upon the several parcels into which said real estate has been divided," which provides that "only the portion of said tax, interest, and costs so apportioned upon any such parcel shall thereafter continue to be a lien upon it," and that "no one of such owners or mortgagees shall thereafter be liable for the tax so apportioned upon any parcel not owned in whole or in part by him at the time of such apportionment," does not impose any personal liability for the apportioned tax upon one who purchased after May 1 a portion of certain real

estate upon which a part of a tax assessed on May 1 afterwards was apportioned
to him under the statute, although he joined with other purchasers in requesting
the apportionment and is not in a position to object to it. The only way of enforc-
ing the collection of such a tax is through the lien upon the fractional parcel.

CONTRACT by the collector of taxes of the town of Tewksbury,
to recover a tax of $98.24, with interest from December 4, 1900,
for the year 1900 upon real estate owned by the defendants in
that town. Writ in the Police Court of Lowell dated September
14, 1906.

On appeal to the Superior Court the case was tried before
*Lawton,* J., without a jury. He found for the plaintiff in the
sum of $135.32; and the defendants alleged exceptions, raising
the question stated and disposed of in the opinion.

The case was argued at the bar in November, 1907, before
*Knowlton,* C. J., *Hammond, Loring, Braley,* & *Rugg,* JJ., and
afterwards was submitted on briefs to all the justices.

*F. H. Pearson,* for the defendants, submitted a brief.

*M. G. Rogers, pro se.*

RUGG, J. This is an action by a tax collector to enforce the
personal liability of a landowner for taxes apportioned under
Pub. Sts. c. 11, § 81. Certain assignees were the owners of a
tract of land on May 1, 1900, and were properly assessed for a
tax thereon. Subsequently, in the same May, the tract was
divided by sale among divers buyers, the defendants becoming
purchasers of one subdivision, and the deed of it to them was
duly recorded in the next month. The defendants and other
purchasers orally requested the assessors to apportion the tax,
which was originally assessed as a unit to the assignees as owners
of the entire tract. In the November or December following the
assessors made the apportionment, and a tax bill was sent to the
defendants for the sum apportioned to the lot purchased by them.
On December 14, 1900, the defendants filed with the assessors a
petition for an abatement, which in terms recognized the appor-
tionment as having been made at their request, and complained
only that the tax was too high. The Superior Court found as a
fact that the defendants did not object to the apportionment on
the ground that they received no notice and were not heard
before it was made nor because it was unfair, but only because
the property was overvalued, and that as an apportionment it

was assented to. It is now too late for the defendants to object that their request for apportionment was not in writing. The action of the assessors was at their express instigation. Even if this was not of itself a waiver of their power to insist upon compliance with the letter of the statute, their subsequent action respecting the apportionment amounted to a relinquishment of all right to object on this account. *Bryant* v. *Goodnow*, 5 Pick. 228. For the same reason they cannot now object that the notice required by Pub. Sts. c. 11, § 82, was not given. Moreover, the exceptions do not show that the failure of the assessors to give any notice may not have been due to their ignorance of the addresses of the persons interested, and in such event they are not required to give any notice. The burden is upon the excepting parties to show that they have been prejudiced, and in this respect they fail to sustain that burden.

Two of the three assessors were called as witnesses. One testified that the tax assessed to the assignees was "abated" and "reassessed," and the other that it was "abated" and "apportioned" to the various owners. The only act which they did, in addition to making the apportionment, was to hand the collector of taxes a slip, signed by themselves, which contained the direction to him to "abate" the original assessment. This was not an abatement in any legal sense. There was no ground for abatement of the tax, and the assessors were not clothed with power to make an abatement in any way, except that pointed out by the statute. Pub. Sts. c. 11, §§ 69 to 77, both inclusive. Nor did the assessors intend nor undertake to make any of the determinations required by the law touching abatements. They testified that they supposed it to be improper that there should appear upon the collector's list two assessments upon the same land to different persons. To describe the act, by which they attempted to correct what appeared to them an incongruity, as an abatement, falls far short of transforming it into a valid abatement. Merely to call an act an abatement does not make it one.

The statute as to apportionment makes no express provision for the personal liability for their part of the tax upon the several owners of the smaller parts. All taxes are assessed as of the first of May, and all rights are fixed with reference to that date,

unless a distinct provision to the contrary appears. All taxes upon real estate are assessed, not primarily to the land, but "to the person who is either the owner or in possession." Pub. Sts. c. 11, § 13. St. 1889, c. 84. *Richardson* v. *Boston*, 148 Mass. 508, 510. The provision is comparatively recent, that all taxes on real estate should be a lien, distress and arrest being the early remedies. *Sherwin* v. *Boston Five Cents Savings Bank*, 137 Mass. 444. The statute under consideration does not contemplate the illegality of the first assessment, nor any reassessment. That is provided for in §§ 79 and 80. It recognizes the validity of the first assessment, but shifts the point of incidence from "the person who is either the owner or in possession" (Pub. Sts. c. 11, § 13) on the first of May to "the several parcels into which said real estate has been divided," and it releases the original owner from all personal liability for the tax upon any parcel, to which he has no title at the time of the apportionment. Personal liability for taxes is not ordinarily implied. *Bradford* v. *Storey*, 189 Mass. 104. A statute must by words and not by inference from its spirit impose the liability, or it cannot be sustained. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. To say that an owner or mortgagee after an apportionment shall not be liable for a tax upon any parcel not then owned by him is not equivalent to saying that the owners of the several tracts shall be liable for the tax so apportioned to the same extent as if they had been owners on the first of May. The statute does plainly release an owner on the first of May from personal liability for all of the tax, in the event of an apportionment, except upon the subdivisions still owned by him. But it does not undertake to impose any new or exchanged personal liability. The only substitute, which it provides, is a lien upon the several parcels for the fractions into which the original tax has been divided. No personal liability to suit for a tax exists except by virtue of a statute. An exceptional personal liability for State and county taxes was imposed upon inhabitants of unincorporated plantations by Prov. Laws, 1761–62, c. 16, and St. 1785, c. 46, § 10. *Richardson* v. *Boston*, 148 Mass. 508. But no right of action for other taxes was given until St. 1789, c. 4, and then only as to those, who had died or removed from the taxing district, and unmarried women, who had subse-

quently married. This provision continued in substance (see Rev. Sts. c. 8, § 15), until it was somewhat broadened by St. 1859, c. 171. See Gen. Sts. c. 12, § 19; Pub. Sts. c. 12, § 20. It was enlarged and modified by St. 1888, c. 390, § 24, and St. 1889, c. 334, § 7, where it is found in substance as in R. L. c. 13, § 32. Moreover, the authority of the tax collector is to maintain an action "against the person assessed therefor." R. L. c. 13, § 32. But, as has been pointed out, this tax is not assessed against the person of the new owner. It is by the express terms of the statute apportioned " upon the several parcels into which said real estate has been divided." The only person assessed for the whole or any part of the tax was the owner on May 1. Therefore the statute, under which alone a tax collector can maintain an action, does not include within its enabling description the kind of a tax here in question. There is no manifestation in the apportionment statute of an intent to create a personal liability not before existing, and the statute authorizing an action by the tax collector does not by its terms comprehend a tax such as remains after an apportionment.

The authority of *Burr* v. *Wilcox*, 13 Allen, 269, is in no respect impaired by what has been said. That case was decided in 1866, while the apportionment statute was not enacted until St. 1878, c. 182. All the action of the assessors was there taken at the request of the landowners, who also made an express promise to pay the tax. Here the defendants proceeded under the terms of a statute, and, having made no express or implied promise to pay the apportioned tax, had a right to assert their legal rights under the apportionment. As no phrase is to be found in the statutes, which imposes a personal obligation upon the purchaser and owner of a subdivision to pay the tax apportioned upon his parcel, in the opinion of a majority of the court this action cannot be maintained.

*Exceptions sustained.*