MASONIC EDUCATION AND CHARITY TRUST *vs.* CITY
OF BOSTON.

Suffolk.    November 10, 1908. — March 1, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Charity. Tax,* Exemption. *Public Officer. Practice, Civil,* Report, Agreed state-
ment of facts. *Evidence,* Presumptions and burden of proof.

A bequest of a fund to a grand lodge of masons for the benefit of indigent and
needy masons within a designated territory, making provision for their relief
and comfortable support at a home to be erected when the fund with its accu-
mulations shall be sufficient, creates a public charity.

In an action by a charitable corporation against a city for the amount of a tax paid
by the plaintiff under protest, if the case is submitted upon an agreed statement
of facts authorizing the drawing of inferences, and the statement contains no
mention of the fact that the assessors gave to the plaintiff seasonable notice
under R. L. c. 12, § 41, to bring in a true list of all real and personal estate held
by it for charitable purposes, it must be assumed that the assessors, being public
officers, complied with the statute by giving the proper notice.

If a charitable corporation omits after notice from the assessors to bring in the list
and statement of all real and personal estate held by it for charitable purposes
required by R. L. c. 12, § 41, the corporation under § 5, cl. 3, of the same chapter
still is exempt from taxation for that year unless such omission was wilful, and,
in an action brought by it against a city to recover the amount of a tax paid
under protest, the burden of proving that such an omission was wilful is on the
defendant.

Where a case comes before this court upon a report of the trial judge, who has
made a finding upon an agreed statement of facts which authorized him to draw
inferences, his finding will not be disturbed if an inference which supports it was
warranted.

CONTRACT for $556.50 paid to the city of Boston under pro-
test as taxes for the year 1906.    Writ dated January 25, 1907.

In the Superior Court the case was heard by *Pierce,* J., upon
the pleadings and an agreed statement of facts, which author-
ized the court to draw such inferences from the agreed facts
as justice and equity might require.    Upon the agreed facts
and inferences drawn from them the judge ruled that the
plaintiff was entitled to recover $608.53, and found for the
plaintiff in that sum.    At the request of the parties, he reported
the case for determination by this court.    If the ruling was
correct, judgment was to be entered on the finding; otherwise,
the finding was to be set aside and such judgment was to be
entered as law and justice required.

St. 1859, c. 73, is as follows :

"An Act to incorporate the Master, Wardens and Members of the Grand Lodge of Masons in Massachusetts.

"Be it enacted, &c., as follows :

"Section 1. John T. Heard, grand master, and his associates, the grand wardens and members of the voluntary association known as the Grand Lodge of Free and Accepted Masons in Massachusetts, and their successors, are hereby incorporated, and made a body politic, by the name of the Master, Wardens and Members of the Grand Lodge of Masons in Massachusetts, for the purpose of managing and administering the charity funds belonging to said voluntary association, with power to have a common seal, to sue and be sued, to make and ordain, from time to time, by-laws, rules and regulations for the government and management of the corporation : provided, the same be not repugnant to the constitution and laws of this Commonwealth ; and that they have all the privileges, and be subject to all the liabilities, set forth in the forty-fourth chapter of the Revised Statutes, so far as the same are applicable to corporations for charitable purposes.

"Section 2. The said corporation may take by purchase, gift, grant, or otherwise, and hold, real estate not exceeding the value of two hundred thousand dollars, and personal estate not exceeding the value of fifty thousand dollars.

"Section 3. John T. Heard is hereby authorized to call the first meeting of said corporation, by advertisement in two newspapers printed in Boston one week previous thereto, and appoint the time and place thereof, at which meeting the mode of calling future meetings shall be regulated.

"Section 4. This Act shall take effect on and after its passage."

St. 1884, c. 221, is as follows:

"An Act to establish and incorporate the Masonic Education and Charity Trust.

"Be it enacted, &c., as follows :

"Section 1. The corporation known as the Master, Wardens and Members of the Grand Lodge of Masons in Massachusetts, established by chapter seventy-three of the acts of the year eighteen hundred and fifty-nine, shall have authority to institute a

board of trustees, as hereinafter provided, to receive, hold, invest, re-invest and manage all gifts, devises and bequests made either to said board or to the grand lodge upon trusts for educational or charitable purposes and relief connected with the families of deceased or living members of said grand lodge and its subordinate organizations, or for the relief of distressed freemasons, their widows or orphans, of this or other states or countries, and also for the promotion of its library and collections relating to art, architecture and antiquities; and it may also accept and hold in trust such funds as the said grand lodge may from time to time give to it upon specific trusts for any of the above-named charitable or educational uses: provided, however, that the whole amount of funds and property so held shall not exceed one million dollars.

" Section 2. When said board of trustees have been elected and shall have organized by electing a president, treasurer and secretary, the board shall report its organization to the grand lodge, and the master thereof shall report the same to the secretary of the Commonwealth, under the seal of the grand lodge attested by the grand secretary, and thereupon said board shall be a corporation by the name of the Masonic Education and Charity Trust, with the same powers and subject to the same restrictions and liabilities as provided by general laws relating to corporations for similar purposes, but shall have none of the powers described in sections eight, nine and eleven of chapter one hundred fifteen of the Public Statutes.

" Section 3. The said grand lodge shall elect eight trustees who shall hold respectively for terms of one, two, three, four, five, six, seven and eight years from the first day of January in the current year, and thereafter shall elect one trustee annually to hold for eight years, and may fill any vacancy that shall arise by death, resignation, or removal by the board of any member for infirmity, neglect or other sufficient cause. A trustee may hold over after his term expires till his successor has been elected and accepted. If after four months from the expiration of the term or the occasion of a vacancy no election of a successor has been so made, the board of trustees may elect a trustee, who shall be a member of the grand lodge aforesaid, to fill the unexpired term. The grand master for the time being shall be a member of the

board.   Five of said trustees shall not at the same time hold the office of trustee and any other elected or appointed office in the grand lodge.

" Section 4.  No loan shall be made of the trust funds to any member of the board, nor shall any member be surety for such loan.   The trustees shall annually report 'the condition and investment of all the funds entrusted to them, to the said Master, Wardens and Members of the Grand Lodge, whose directors shall cause the accounts of the said board to be examined at least once a year and oftener should they deem it necessary, and certify the result."

The following assignment from the master, warden and members of the Grand Lodge of Masons in Massachusetts to the Masonic Education and Charity Trust was ratified by the vote. quoted below :

" Know all men by these presents, That the Master, Wardens; and Members of the Grand Lodge of Masons in Massachusetts,. a corporation, in consideration of one dollar and other valuable considerations to it paid by the Masonic Education and Charity Trust, a charitable corporation organized under the laws of Massachusetts, the receipt whereof is hereby acknowledged doth hereby assign, transfer and set over unto the said Masonic Education and Charity Trust, all right and claim it has under the will of William H. Williams, deceased, whereby a legacy was left to the Grand Lodge herein for the purpose of establishing a Masonic Home, together with all the rights accruing under said will to grantor or any person claiming under it, especially its claim to recover from the city of Boston a tax illegally and improperly assessed and paid by the grantor with funds belonging to the grantee, under compulsion, protest and against its objection ; full right hereunder being given to the grantee to collect said improperly paid tax from the city of Boston, in its own name or the name of the grantor for the benefit of the grantee, by a suit at law or otherwise.

" In witness whereof the grantor hereto sets its hands and seal by Charles H. Ramsay, its Treasurer, this First day of December, A. D. 1906.

" C. H. Ramsay,<br>
Grand Treas.

" At a meeting of the Directors of the Master, Wardens and Members of the Grand Lodge of Masons in Massachusetts, held this Sixth day of February, 1907, it was voted, that the action of the Treasurer in transferring to the Masonic Education and Charity Trust all rights under the will of William H. Williams with power to collect a tax paid under protest as set forth in the assignment, be ratified and confirmed.

" A true copy of the records :

" Sereno D. Nickerson,
Secretary."

The following extract from the brief of the defendant refers to the waiver mentioned at the beginning of the opinion :

" Although the action ought properly to have been brought by the Grand Lodge of Massachusetts, the corporation which was taxed, for the benefit of the plaintiff, the agreed facts were intended to waive the formal objections to maintaining the action so that the opinion of this court might be obtained on the following point :

" When an individual or corporation is taxed, can he or it, without filing a list or claiming an abatement or making a statement of any kind, pay the tax under protest, sue to recover it back, and recover it merely by proving that the property which the assessors had in mind when the tax was assessed was not in his or its possession on the first day of May ? "

*L. M. Abbott,* (*R. E. Buffum* with him,) for the plaintiff.

*T. M. Babson,* for the defendant.

BRALEY, J.   If it were not for the defendant's express waiver, the plaintiff's right to maintain the action in its own name would present a serious question.   But, this embarrassment having been removed, we are asked to decide whether a certain fund held by the plaintiff is exempt from taxation, and if exempt, whether the tax which has been levied, and has been paid under protest, can be recovered back in an action at law.

The fund is the residue of the estate of William H. Williams, given by his will to the master, wardens and members of the Grand Lodge of Masons in Massachusetts, " to be held and invested by them until such fund, with the increments thereof, and such sums as may be added thereto by said Grand Lodge or other persons, shall amount to the sum of two hundred thou-

sand . . . dollars, at which time, the said sum shall be used for the establishment and maintenance of a home for indigent, and needy masons in Boston and vicinity, to be known as the Williams Masonic Home." This bequest is made expressly for the benefit of indigent and needy masons within a designated territory, by making provision for their relief and comfortable support at a home to be erected when the fund with accumulations should be sufficient, and which should bear the testator's name. The object to be accomplished being purely charitable, and the number to be benefited indefinite, even if the gift is limited to a class, these features are sufficient in law to constitute the gift a public charity. *Attorney General* v. *Trinity Church*, 9 Allen, 422. *Odell* v. *Odell*, 10 Allen, 1, 4. *Saltonstall* v. *Sanders*, 11 Allen, 446, 460. *Attorney General* v. *Old South Society*, 13 Allen, 474. *Jackson* v. *Phillips*, 14 Allen, 539. *Fellows* v. *Miner*, 119 Mass. 541. *Sherman* v. *Congregational Home Missionary Society*, 176 Mass. 349. *Minns* v. *Billings*, 183 Mass. 126. *Osgood* v. *Rogers*, 186 Mass. 238, 240. *Franklin Square House* v. *Boston*, 188 Mass. 409. *Minot* v. *Attorney General*, 189 Mass. 176, 179. *Farrigan* v. *Pevear*, 193 Mass. 147.

By the St. 1859, c. 73, § 1, the trustee, which before had been a voluntary association, became incorporated for the purpose of administering the charity funds belonging to the voluntary association, with " all the privileges, and . . . subject to all the liabilities," applicable to corporations for charitable purposes, as set forth in Rev. Sts. c. 44. It was to this body that the executor properly turned over the residue in money, and the St. 1884, c. 221, under which by force of § 2, after compliance with enabling preliminaries, the plaintiff became a corporation for certain defined objects, neither changed the nature of the trust, nor substituted the plaintiff for the original trustee. The plaintiff is only a conjunctive or administrative instrument or agency of the governing and controlling body. Having been chartered for the limited purpose described in the statute, and holding by gift and in trust the bequest, with any other additional gifts which it may receive for accumulation, the trustee must be deemed a benevolent or charitable institution, charged with the administration of a public charity. If under R. L. c. 12, § 23, cl. 5, ordinarily personal property held in trust is

taxable to the trustee in the city or town where he resides, when held as a public charity it is unqualifiedly exempt. *Balch* v. *Shaw,* 174 Mass. 144.

But the defendant contends that, no list having been brought in to the assessors as required by R. L. c. 12, § 41, there can be no recovery. By Pub. Sts. c. 11, § 5, cl. 3, if the use of the property was exclusively for charitable purposes, the exemption was absolute. If under the amendatory St. of 1882, c. 217, re-enacted in R. L. c. 12, § 5, cl. 3, and § 41, the assessors in their notice to taxpayers were and are required to include holders of such property, who are notified to bring in a true list of all the real and personal estate held by them in trust for charitable uses, including a statement of the amount of receipts and expenditures, with the further provision, that if a person or corporation " wilfully omits " to make return, the estate so held shall not for the current year be exempt, the particular exemption still is to be allowed by the assessors unless the failure to bring in the list is found to have been intentional. While the report is silent upon the point it should be assumed that, being public officers, the assessors have complied with the statute by giving the proper notice. *Commonwealth* v. *Kane,* 108 Mass. 423, 424. The power to tax, however, being based upon a precedent condition, the burden of proof rested upon the defendant to show that the fund was taxable even if the list had not been furnished.

The case is before us on report, not upon the agreed statement of facts under which it was submitted to the trial court with the right to draw inferences of fact, and we cannot say as matter of law that, notwithstanding the notice of which the trustee must be presumed to have known, it was not within the power of the judge to decide that, apparently having no other personal property and never having been assessed before, the mere failure of the trustee to make a return was wilful or inexcusable. In finding for the plaintiff he must have reached the conclusion that the omission was not wilful, which having been warranted cannot be revised. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. It accordingly follows that the assessment was not merely voidable, but void, and, the tax being wholly illegal, the ruling that the plaintiff was entitled to recover was correct. *Sumner* v. *Dorchester,* 4 Pick. 361. *Dorr*

v. *Boston,* 6 Gray, 131. *Cone* v. *Forest,* 126 Mass. 97, 98. *McGee* v. *Salem,* 149 Mass. 238, 242. *Oliver* v. *Lynn,* 130 Mass. 143. *Ingram* v. *Cowles,* 150 Mass. 155, 157. *Barron* v. *Boston,* 187 Mass. 168. R. L. c. 13, § 86.

In accordance with the terms of the report judgment is to be entered for the plaintiff on the finding.

*So ordered.*