JOHN HANCOCK MUTUAL LIFE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9047.   Promulgated February 14, 1928.

*Guy W. Cox* for the petitioner.
*J. W. Fisher, Esq.*, for the respondent.

738

OPINION.

Murdock: The Revenue Act of 1921, in sections 242 to 247, inclusive, makes special provision for the taxation of insurance companies. The Commissioner does not contend that the provisions of these sections are not controlling in the determination of the tax liability of this petitioner. His deficiency notice shows that he applied them in making his own determination.

From an examination of these sections it is apparent that the gross income and allowable deductions applicable in the taxation of life insurance companies differ radically from the gross income and allowable deductions applicable in the taxation of ordinary corporations. See *Metropolitan Life Insurance Co.* v. *Commissioner*, 8 B. T. A. 938. In the case of a life insurance company " gross income " means the gross amount of income received from interest, dividends, and rents, and nothing else. Section 244 (a). Capital gains thus play no part in taxable income and a life insurance company can not deduct a capital loss, except that under certain circumstances it can take a deduction for exhaustion, wear and tear, and obsolescence.

So that although it might make no difference in the taxation of an ordinary corporation whether the amount received in the foreclosure of a mortgage was applied to principal or to interest, because the amount credited to income would be offset by a capital loss, under the provisions of the Revenue Act applicable to this petitioner,

it is necessary, since no offsetting deduction will ever arise, to decide whether the petitioner is compelled to charge itself as having received income by way of interest from the proceeds of a foreclosure when the total proceeds are not more than sufficient to pay its principal debt.

No case has been cited by either party which is, in our opinion, authority, either directly or by analogy, for the application of proceeds of foreclosure sales for the purpose of determining income-tax liability where this question of interest is material. This is not surprising when we consider that in most cases involving the application of money realized from foreclosure sales, questions and considerations are involved which are foreign to the case now before us. A case in which a similar question might arise is one where a trustee for life tenants and remaindermen foreclosed a mortgage held by him as part of the trust estate. The petitioner, although citing no authority, argues that if in such a case no more than the amount of the principal debt were recovered the life tenants would be entitled to nothing.

However this may be, we hold for the petitioner that he has received no interest. In section 244 (a) of the Revenue Act of 1921, the word "interest" would seem to have its usual and ordinary meaning. That meaning involves the idea of a profit to a lender as a charge for a loan. It implies that when the lender has recovered the money loaned with the compensation for the use and risk, he will have received a certain profit. See "Words and Phrases," 1st Series, vol. 4, p. 3706, and cases there cited.

In the present case the lender, the petitioner, has in reality suffered a loss of part of its principal as a result of its loan. If the entire net proceeds of the foreclosure were applied to the principal debt the amount would be insufficient to cancel that debt. The Commissioner does not contest this nor make any claim that any additional amount can ever be recovered. Under these circumstances we can not see that the petitioner has received from the foreclosure interest and therefore income and profit within the intendment of the taxing statute.

The statute in section 245 (a) (6) allows a life insurance company to deduct taxes and other expenses paid during the taxable year exclusively upon or with respect to the real estate owned by the company. In Massachusetts, taxes assessed upon land become a lien thereon from April first in the year of assessment. See section 37, chapter 60, of the General Laws of Massachusetts, 1921. Owners as of April first are also personally liable for the tax. See Richardson v. Boston, 148 Mass. 508; 20 N. E. 166, and Rogers v. Gookin, 198 Mass. 434; 85 N. E. 405.

Where property is sold with a covenant that it is free and clear of encumbrance, the covenant is broken if prior to the sale taxes had become a lien upon the land. This is true where the taxes become a lien from the date of assessment, though they have not become due and payable at the time of the conveyance. See *Thompson on Real Property*, § 3499, and cases therein cited, particularly *O'Connell* v. *First Parish in Malden*, 204 Mass. 118, 90 N. E. 580. If in such case the purchaser was legally required to pay the taxes, he would have recourse against the seller. It is then apparent that taxes which have become a lien against real estate in Massachusetts prior to the date of the sale are primarily an obligation of the seller and not of the purchaser. If then the purchaser of real estate agreed to pay a lien which he knew existed as a charge on the property at the time of its purchase, and if, in fact, he does discharge that lien by payment, he has not in fact paid taxes or interest of which the lien may have consisted, but he is simply completing his payments in the purchase of the property. The taxes and interest installments which he paid were the seller's taxes and interest installments and it was by an agreement and reduction in the purchase price that the purchaser paid them on behalf of the seller. The same principle applies where the sale is on the foreclosure of a mortgage.

On September 29, 1921, certain taxes with which we are concerned had become a lien against property. The taxes could have been paid by the sheriff from the money made from the sale. But since the petitioner was both the mortgagee and the purchaser, it was unnecessary for it to pay money to the sheriff for the discharge of this lien against the property. The same result was reached by the petitioner paying the tax bill directly. The Commissioner has disallowed of the total amount of taxes paid for the year, only a portion which he considered had accrued from the beginning of the taxable year on April first, to the date of the sale. Since it is in regard to this amount alone that the parties are in controversy, we are concerned with it and with nothing else. From the facts we are unable to determine that the petitioner is entitled to any larger deduction on account of taxes paid than the amount of the deduction allowed by the Commissioner.

Reviewed by the Board.

*Judgment will be entered on notice of 15 days, under Rule 50.*