THE OREGON STEAM NAVIGATION COMPANY, Respondent, *v.* THE CITY OF PORTLAND, Appellant.

*Appeal from Multnomah County.*

1. After the assessment of all the taxable property has been made and returned, and tax levied thereon, the common council of the city of Portland has no power to order an additional assessment to be made of property subsequently coming within the city limits.

2. Exception. Persons not previously taxed, who shall commence, subsequently to the levying of the taxes, to sell and barter goods, and not previously assessed, may be assessed.

UNDER the provision of the charter granted to the city of Portland, June 24th, 1854, the city government had authority to levy and collect taxes not to exceed one-half of one per centum per annum, upon all real and personal property made taxable by law for county and State purposes. *Section* 10, *of article* 4, of the city charter, further provided, " That if any person or persons not previously taxed, at any time after the annual assessment, shall commence to sell or barter any goods or chattels not previously assessed for city taxes, within said city, such person or persons shall be liable to be assessed in respect of said goods and chattels; and shall pay to said city a tax on said property in the same proportion to the annual tax last assessed, as the time intervening between said commencement to sell said property and the next annual assessment bears to the whole year."

*Section* 4, *of article* 6, of the charter provides that, " It shall be the duty of the assessor, in addition to the duties prescribed by the common council, to make out, within such time as the common council shall order, a correct list of all the property taxable by law within said city, with the valuation thereof, which he shall certify and return to the common council; said list and valuation shall be in the manner prescribed by law for assessing and collecting county and territorial taxes. Should the owner of any property assessed not be satisfied with such valuation thereof, he may apply to the common council for a reduction, etc." *Section* 5, same article, gives the collector power to enforce collection of taxes in the same way as a sheriff might collect county taxes.

The Oregon Steam Navigation Company was formed as a corporation, having its place of business in Portland, on the 25th day of November, 1862, and first became possessed of property on the 5th day of December, 1862, by purchase and transfer from a company organized under the same name by the territory of Washington; and the business of said company is the navigation, by steam and other means, of the rivers in Oregon, &c. The only real estate held by said

Oregon Steam Navigation Co. v. City of Portland.

company in Portland, had been assessed, under the annual assessment, and the tax had been paid. The regular annual assessment for the year ending July 1st, 1863, was made and returned to the common council in September, 1862, and taxes levied thereon by ordinance passed November 26, 1862.

In April, 1863, the common council ordered the assessor to assess property for the year ending July 1st, 1863, not included in his list of September, 1862; and the assessor found as "not assessed," the sum of $75,000, personal property of the O. S. N. Company. This assessment was ordered to be amended, and it was recommitted to the assessor, and on the 3d of June, 1863, was returned, approved by the council, and taxes levied thereon, and warrant for collection given to the city collector. On this amended list the O. S. N. Company were assessed in the sum of $1,000,000, and, upon their refusal to pay $4,000, as taxes thereon, the collector, on the 27th day of June, 1863, levied upon the steamboat *Julia*, belonging to the company.

The O. S. N. Company and the city of Portland submit in an amicable suit to the Circuit Court, to determine whether the said O. S. N. Company is liable to pay to said city the sum of $4,000 taxes, or any sum; and if so liable, for what amount and on what property. The Circuit Court, by judgment, found that the O. S. N. Company were not liable for any amount as taxes, and that the assessment under order of April 29th, 1862, was unauthorized and void. From this judgment the city appealed, and the case is in this court for determination.

*Williams & Strong*, counsel for O. S. N. Company.

*E. W. McGraw*, city attorney.

WILSON, J. The charter given to the city of Portland, authorized the assessment of property for taxation to be made in the same manner prescribed by law for assessing and collecting county and territorial taxes; and the city assessor

could go no farther than the county assessor might in the discharge of the duties of his office. By a statute passed in 1854, *page* 416, *Gen. Stat.*, the county assessor was required within a prescribed time to assess all the taxable property in his county, and return his roll to the County Commissioners, and that having been done and corrected, his official authority was ended. So with the city assessor. Having completed his assessment roll, as required by ordinance, and returned the same, his authority was ended so far as the annual assessment was concerned. To save any omissions in the return of the county assessors, the legislature, by an act passed January 26th, 1855, section 3, page 418, provided that when the sheriff, engaged in collecting taxes, discovered any such omission to assess, he might, and it became his duty, to assess such omitted property. No such authority was given to the city of Portland or any of its officers. This act was subsequent to the charter. The city collector, by section five, article six of the charter, only had the power and authority of the sheriff to *collect* and *compel payment* of city taxes, not to *assess* any property. The only exemption to this view of the case is found in section ten of article four of the charter; but it is not pretended here that the O. S. N. Company could come under that exception. They were not then, and have not since been engaged in selling and bartering goods, &c.

We think that, when the annual assessment was made by the city assessor, in September, 1862, and returned, and the tax levied thereon by the common council, November, 1862, there was not any authority left to the common council to order a re-assessment in April, 1863, unless, under the provisions of the charter, they had taken the proper steps to raise a special tax. The conclusion then is, that the assessment made in the spring of 1863 and returned, was unauthorized and void. In view of the strict construction to be placed upon the authority and powers delegated to municipal corporations, we can come to no other conclusion. The O. S. N. Company had no property subject to assessment until Decem-

ber 5th, 1862, a time subsequent to the annual assessment and laying of the tax for that year; and that company was not within the exception in section ten, article four, of the charter. The O. S. N. Company were not liable to the city of Portland in any amount of taxes as claimed.

Judgment is affirmed.