TACKABERRY & Co. v. THE CITY OF KEOKUK.

|  |  |
|---|---|
| 32 | 155 |
| 104 | 640 |

1. Corporation municipal; TAXATION. Where a city charter refers to the general law of the State for the subjects of taxation, any change in the general law in respect thereto works a corresponding change as regards the subjects of taxation by the city for municipal purposes.

2. —— Under section 719 of the Revision, personal property is not subject to taxation for municipal or other purposes unless owned by the person, to whom the assessment is made, on the first day of January of the then current year.

*Appeal from Lee District Court.*

THURSDAY, JULY 27.

THE plaintiffs filed their petition, stating: "That on the 12th day of January, 1870, Wm. Tackaberry, R. S. Van Keuren and J. E. Foreman, at Keokuk, Iowa, entered into copartnership, under the firm name of Wm. Tackaberry & Co., to carry on the wholesale grocery business in the city of Keokuk. That the first bill of goods they bought was on the 14th day of January, 1870, and the first bill of goods they sold was on the 18th day of January, 1870; and on the 9th of February, 1870, they rented house No. 105 Main street, in Keokuk, Iowa, where they began and have ever since continued to transact the business of the firm. That on the 1st day of January, 1870, and for ten days thereafter, J. E. Foreman was a citizen of New York, and the money which he, as a partner, invested in the firm of Wm. Tackaberry & Co. was in the State of New York. That on the 1st day of January, 1870, and for six days thereafter, the money and means of Wm. Tackaberry, which he afterward put into the firm of Wm. Tackaberry & Co., were invested in the firm of S. Hamill & Co., of Keokuk, Iowa, of which last-named firm he was

a partner; and that on the 1st day of January, 1870, said Wm. Tackaberry and said R. S. Van Keuren were citizens of Keokuk, Iowa, and have been such ever since; and that on the 1st of January, 1870, R. S. Van Keuren had personally the money and means which he afterward put in said copartnership of Wm. Tackaberry & Co." The petition further alleges that in March, 1870, the city assessor of Keokuk assessed their goods in store at the sum of $15,000, and that in April, 1870, the city council levied a ten per cent annual city tax thereon for the current year, 1870, and that the said city collector is about to distrain and sell the goods of plaintiffs for the payment of said tax.

The petition asks an injunction and general relief. A general demurrer to this petition was sustained, and plaintiffs appeal.

*H. Scott Howell* for the appellants.

*Wm. Collins* for the appellees.

DAY, Ch. J.—The charter of the city of Keokuk, passed in 1848, confers upon the city power to levy an annual tax upon all property, real and personal, within the limits of said city, *subject to taxation* for county revenue. An amendment to this charter passed January 27, 1857, authorizes the city to levy such taxes as it may deem necessary to pay the interest upon the debt of said city, and support and carry out its municipal affairs. At the time the amendment was passed, section 460 of the Code of 1851 was in force, which provides, that "all personal property is to be listed, assessed and taxed in the county where the owner resides, on the first day of March of the then current year."

The Revision, section 719, provides, that "all personal property shall be listed, assessed and taxed in the name of the owner thereof, on the first day of January of the then

current year." Appellant insists that this assessment, in the year 1870, was governed by the provisions of section 719 of the Revision, and that, as plaintiffs did not on the first day of January own the property upon which the assessment was made and the tax levied, the tax is not properly chargeable against them. Appellee claims that section 460 of the Code of 1851 still furnishes the rule by which the city must proceed, and that thereunder it has a right to tax property to the owner thereof on the first day of March of the current year.

This is the view which the court below, in sustaining the demurrer, seems to have adopted. In our opinion it is erroneous. The charter makes no provision as to the subjects of taxation. For that it refers to the general law, the only qualification being that the tax must be imposed upon property *subject to taxation for county revenue*. It is the province of the legislature to determine what property shall be subject to such taxation. Certain kinds and articles of property are entirely exempt from taxation. It is competent for the legislature from time to time to increase or diminish the articles of property subject to this exemption. Now, if the law in force at the time a city is incorporated continues to govern as to the objects of taxation, notwithstanding changes in the general law to which the articles of incorporation or charter refer, it follows that every city in the State may raise revenue from different subjects of taxation, and all of them from property not liable to taxation for ordinary county revenue. Controlling necessity will alone justify a construction which might lead to such complications and inconvenience. When a city charter refers to the general law for the subjects of taxation, the true rule seems to us to be that any change in the general law affects a corresponding change in the rightful subjects of taxation for city purposes. Any other rule would work interminable confusion. The construction here adopted we believe not to be in conflict

with the constitution, article 3, section 30; article 8, section 1. See *Haskell* v. *City of Burlington*, 30 Iowa, 232.

Reversed.