Wangler Bro's v. Black Hawk County.

AFFIRMED.

WANGLER BRO'S v. BLACK HAWK COUNTY.

1. **Taxation:** PERSONALTY: TO WHOM TAXABLE. Under the statutes of this State personal property is taxable to the person owning the same on the first day of January, and its assessment to one who acquires the ownership between that time and the date when the assessment is made is illegal.

2. ——: ———: WHEN IT BECOMES TAXABLE. Personal property brought into the State after the first day of January is not, under our statute, taxable for that year.

*Appeal from Black Hawk District Court.*

THURSDAY, JUNE 16.

ON the first day of January, 1878, the plaintiffs were residents of Ohio. On the eleventh day of said month they purchased a stock of goods in Waterloo in this State, and in a few days thereafter they paid for said goods with money

brought from Ohio. Afterward, during the months of February and March following, they purchased other goods at places out of the State of Iowa and added the same to said stock of goods. On April 1st, 1878, the assessor assessed said stock of goods to the plaintiffs and taxes were levied thereon. This action was brought to enjoin the collection of said taxes. A demurrer to the petition on the ground the plaintiffs "were not entitled to the relief demanded" was overruled, and defendants appeal.

*J. L. Husted*, for appellants.

*Alford & Gates*, for appellees.

SEEVERS, J. The amount in controversy being less than one hundred dollars, the trial judge has certified that it is desirable to have the opinion of the Supreme Court upon the following questions:

"1st. Under the statutes of this State, is an assessment of personal property by the assessor, to the party owning the same at the time of the assessment, instead of to the party owning the same on the 1st day of January, an erroneous or an illegal assessment?

"2d. Is personal property brought into this State after the 1st day of January, by a merchant commencing business here on the 11th day of February of the same year, liable, under the laws of this State, to assessment and taxation in the hands of such merchant?"

It is provided by statute that: "All taxable property shall be taxed each year, and personal property shall be 1. TAXATION: listed and assessed each year in the name of the personalty: to whom taxable. owner thereof on the first day of January." Code, § 812.

Counsel for the appellants insist the assessment in question, at most, was erroneous, and therefore a failure to apply to the board of equalization for its correction bars the relief asked. In support of this proposition the rule established in

*Macklot v. The City of Davenport,* 17 Iowa, 379, is invoked. The causes, we think, are distinguishable. Under the statute, as we construe it, personal property must be assessed and taxed in the name of the person owning it on the first day of January of each year. If assessed to any other person than such owner the assessor exceeds his jurisdiction, the assessment is illegal, and so are the taxes levied. In such case the rule in this State is that equity has jurisdiction and injunction is the proper remedy. *Zorger v. The Township of Rapids,* 36 Iowa, 175.

We are unable to conclude there is any substantial difference between § 719 of the Rev. and § 812 of the Code.

*2. ——:——:* This being so, *Tackaberry & Co. v. Keokuk,* 32 Iowa, 155, aids the construction of the statute adopted.

when it becomes taxable.

Personal property not in this State on the first of January is not taxable for that year, therefore the second question must be answered in the negative, and the first that the assessment and levy of taxes was illegal.

AFFIRMED.