Opinion.

# Wytheville.

PARDEE v. COMMONWEALTH.

JUNE 23, 1904.

1. TAXATION—*Mineral Lands—Date of Assignment.*—February 1 is the time for ascertaining the ownership and value of property for taxation in this State, including mineral lands, and this date is not changed as to mineral lands by the act approved May 13, 1903 (Acts 1902-'3-'4, p. 610), providing a special time and method for ascertaining the value of such lands.

Error to a judgment of the Circuit Court of Wise county, on a motion of the plaintiff in error to correct an erroneous assessment of taxes.

*Reversed.*

The opinion states the case.

*R. T. Irvine,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson* and *W. W. G. Dotson,* for the Commonwealth.

WHITTLE, J., delivered the opinion of the court.

This was an application by appellant, Calvin Pardee, to the Circuit Court of Wise county—under section 3 of an Act of the General Assembly, approved May 13, 1903 (Acts 1902-'3-'4, p. 320), entitled "An act to provide for the special and separate assessment of taxes on mineral lands and on the improvements,

fixtures, and machinery thereon"—to correct an erroneous assessment of improvements on certain mineral land of appellant situated in that county.

It appears that prior to December, 1902, the land in question was unimproved, but at that time appellant commenced the erection of a coal and coke plant upon the property, and had expended thereon up to and including the month of July, 1903, the following amounts:

| | |
|---|---:|
| In December, 1902.............. | $ 2,215 15 |
| In January, 1903.............. | 2,506 35 |
| In February, 1903............. | 4,293 90 |
| In March, 1903................ | 7,533 44 |
| In April, 1903................ | 19,041 07 |
| In May, 1903.................. | 24,100 96 |
| In June, 1903................. | 10,001 83 |
| In July, 1903................. | 21,724 15 |
| Total ................... | $91,416 85 |

It also appears that similar improvements in that county are assessed at from 60 to 70 *per centum* of the money actually expended upon them.

The Circuit Court, by the order complained of, sustained the action of the commissioner of the revenue in assessing these improvements for the year 1903 at $60,000.

The contention of appellant is that, according to the proper construction of the act in question, he was only assessable for that year with $4,721.50, the aggregate amount invested in improvements up to and including February 1, at which date the ownership of property, both real and personal, is ascertained, and the value of improvements determined, for taxation under the general revenue law of the Commonwealth.

The act was passed in pursuance of section 172 of the Constitution, and section 1 reads:

"Be it enacted by the General Assembly of Virginia as follows: The several commissioners of the revenue in this State shall, on or before the first day of August, 1903, and every second year thereafter on or before the fifteenth day of May, specially and separately assess at the fair cash value all mineral lands, and the improvements, fixtures, and machinery thereon, within their respective districts, and shall enter the same on the land books of their respective districts separately from other lands charged thereon, and shall extend the taxes upon said lands, improvements, fixtures and machinery, assessed as aforesaid, at the rate fixed by law upon tangible property." Acts 1902-'3-'4, p. 320.

It will be observed that whereas this statute provides for biennial assessments of mineral lands, other lands are only assessed every fifth year. V. C., sec. 437; Acts 1902-'3-'4, p. 610.

While the provision for more frequent assessments of that species of property is doubtless due to the circumstance that mineral lands are at present in process of development, and rapidly enhancing in value, there is nothing in the enactment calling for a construction which would result in the establishment of one period of the tax year for ascertaining the ownership and value of mineral property, and a different period for determining the same facts with respect to other property. Such an interpretation could serve no wise purpose, but would tend to introduce elements of uncertainty and inequality into a system, which, according to the spirit of the Constitution, should be homogenious and uniform. In some instances, the construction adopted by the commissioner and approved by the court would leave the question as to whether one person or another should be chargeable with taxes on property for any particular year to the caprice of the commissioner. Thus, where land had changed ownership between February 1 and August 1, 1903 (May 1, in subsequent years), the commissioner could impose the burden on the vendor or vendee at his election.

Again, in the case at bar, it was the duty of the commissioner to assess the cash in the hands of appellant on February 1, 1903. Subsequently that same money was expended in improving appellant's mineral land, and on July 25, the commissioner assessed the improvements also. Unless the language of the act is imperative, a construction leading to such results ought not to be adopted. According to the uniform interpretation placed upon the revenue laws of this State, February 1, the day which separates one tax year from another, has been fixed upon as the time for ascertaining the ownership and value of property for taxation, and a departure from that rule can only result in confusion and inconvenience.

The order appealed from is, therefore, erroneous, and must be reversed, and the case remanded for further proceedings to be had therein, in conformity with this opinion.

*Reversed.*