(57 South. 277.)

No. 18,874.

HAMMOND LUMBER CO., Limited, v. SMART, Sheriff, et al.

(Jan. 29, 1912.)

*(Syllabus by the Court.)*

TAXATION (§ 98*)—PLACE OF TAXING—MOVABLES.

Movables brought from another state or country into this state after January 1st of the current tax year are assessable in the parish or district of their location. The same rule applies to movables brought from one taxing district to another taxing district of this state, provided they have not been assessed in the former.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 196–198, 200; Dec. Dig. § 98.*]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; George J. Woodside, Judge.

Action by the Hammond Lumber Company, Limited, against W. L. Smart, sheriff, and the Parish of Livingston. Judgment for plaintiff, and defendants appeal. Reversed.

Walter J. Guion, Atty. Gen., R. G. Pleasant, Asst. Atty. Gen., and W. H. McClendon, Dist. Atty. (S. Dan Corkern, of counsel), for appellants. B. B. Purser, for appellee.

LAND, J. Plaintiff was assessed in the parish of Livingston for the year 1910 with "8 miles of railroad and 8 teams of oxen, and 8 wagons," at a total valuation of $15,-000. The petition alleged that said property was carried into the parish of Livingston on February 17, 1910, and that the same property was assessed in the parish of Tangipahoa for the year 1910, and plaintiff has duly paid the taxes thereon. The evidence shows that the steel rails for the eight miles of railroad came from Mississippi about February 1, 1910. The oxen and wagons came from the parish of Tangipahoa. There is no evidence that the same teams and wagons were assessed in said parish.

Counsel for plaintiff in his brief states his contention as follows:

"The question therefore is whether property brought into the parish of Livingston from outside the taxing district on a date subsequent to January 1, 1910, is a proper subject for taxation for that year."

This question has been already answered in the affirmative by this court as to a contractor's outfit, consisting of mules, scrapers, etc., brought from Texas into this state in the latter part of April of the current tax year. See Construction Co. v. Tax Collector, 108 La. 435, 32 South. 399, 58 L. R. A. 349.

As to the oxen and wagons brought from the parish of Tangipahoa, the question is res nova.

Section 11 of Act 170 of 1898 provides that:

"All movable property shall be assessed in the parish or district where it is located."

The contention of plaintiff is that movables brought into the parish after January 1st of the current tax year cannot be assessed therein for taxation. If this be true, such movables can be assessed only in the taxing district in which they happen to be on January 1st of the current year.

Such a construction would require the assessor to keep an account of all the movables in his taxing district on the first of the year, otherwise an assessor could not possibly assess movables moved out of his district after January 1st of the current year. Again, as article 233 of the Constitution forbids suits to collect taxes, and provides that taxes on movables shall be collected by seizure and sale by the tax collector of the movable property of the delinquent, it is difficult to conceive how the tax collector could seize movables outside of the limits of his district. In short, it seems to us impracticable to assess and collect taxes on movables in a taxing district from which they have been removed on and after January 2d of the tax year. In Bunkie Brick Works v. Police Jury, 113 La. 1062, 37 South. 970, the land had

been assessed to the owner according to law, and later he constructed thereon buildings and improvements. About June 20th of the same year the assessor made an additional assessment of the buildings and improvements constructed or in course of construction. In that case we held that the revenue laws contemplate an assessment on the basis of values and conditions existing on the 1st day of January of each year, quoting from Insurance Co. v. Board of Assessors, 49 La. Ann. 401, 21 South. 913, as follows:

"The very motion of assessment involves the fixing of values of a certain date, since there is no mode of making the valuation vary with the increased or diminished value during the current year and were there, such varying valuation would be destructive of established principles of uniformity."

In Palfrey v. Tax Collector, 106 La. 699, 31 South. 148, land with growing timber thereon was assessed, and subsequently the owner sold the timber, and thereupon the timber was assessed to the purchaser. The court held that the assessment of the land necessarily included the growing trees thereon. In all of these cases, property subject to taxation was in the taxing district on January 1st of the current tax year. It is evident that the doctrine of these cases has no application to movables not in the taxing district on January 1st of the current tax year.

The constitutional mandate is that "all property shall be taxed in proportion to its value," and there is nothing in our revenue laws that would warrant the conclusion that the lawmaker ever contemplated that movables should escape taxation by their removal to another taxing district in the state.

It is therefore ordered that the judgment below be reversed, and it is now ordered that the demands of the plaintiff be rejected, and the rule herein sued out be discharged, with 10 per cent. damages on the amount of taxes and interest as attorney fees, and that plaintiff pay costs in both courts.

The CHIEF JUSTICE, concurs.