SEWARD COUNTY, APPELLANT, v. HARRY T. JONES, APPELLEE.

FILED FEBRUARY 23, 1921.    No. 21292.

1. Taxation: DATE OF ASSESSMENT. The revenue laws of the state, with respect to the taxation of personal property, contemplate that such property shall be listed and assessed with reference to ownership and value as of the date of April 1 in the year for which the property is required to be listed.

2. ————: TORTS. . A mere cause of action sounding in tort is not a right in "property" within the meaning of the revenue laws, so as to subject the right therein to be taxed as "property."

3. ————: DATE OF ASSESSMENT: JUDGMENT. Where a cause of action sounding in tort has been reduced to judgment in favor of plaintiff, and where on error to this court such judgment is reversed, and on error to the supreme court of the United States such judgment is reversed and the judgment of the district court reinstated on April 3, 1916, the rights of the plaintiff therein are not taxable as of date April 1, 1916.

APPEAL from the district court for Seward county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*McKillip & Barth* and *Norval Bros., Colman, Landis & Mastin,* for appellant.

*Thomas, Vail & Stoner, contra.*

DAY, J.

The question presented by this appeal is whether certain legal rights of the appellee should be designated as "property" within the meaning of the revenue laws, so as to require the same to be listed for taxation for the year 1916. The district court found the issues in favor of the appellee, dismissed the petition of appellant, and granted appellee an injunction as prayed. To review this judgment, appellant has brought the record here.

A brief statement of the facts will serve to make clear the point in controversy. On May 8, 1911, certain creditors of the defunct Capital National Bank of Lincoln, Nebraska, obtained judgments upon their several causes of action, in the district court for Seward county, against certain of the directors of that bank, upon causes of action sounding in tort. The defendants therein brought error to this court, where, on January 31, 1913, the several judgments were reversed and the actions dismissed. *Jones Nat. Bank v. Yates,* 93 Neb. 121. Thereupon the several plaintiffs took error to the supreme court of the United States, where, on April 3, 1916, the judgments of reversal and dismissal of this court were set aside. Pursuant to the mandate of the supreme court of the United States, and upon its direction, this court, on May 13, 1916, entered an order vacating and setting aside its judgment of January 31, 1913, and reinstating and affirming the judgment of the district court of May 8, 1911. On May 17, 1916, the mandate of this court was entered in the district court for Seward county.

Pending this litigation, Harry T. Jones, the appellee herein, became the owner by purchase of some of the

judgments. Soon after the final mandate, Jones received as 'his share of the proceeds of a sale of the judgments $28,050. In his tax schedule, as of date April 1, 1916, Jones made no mention of his interest in the judgments or of the status of the litigation. On June 13, 1916, the county assessor of Seward county, having learned that the judgments had been paid, and that Jones had received $28,050, made out and returned an additional tax schedule in the name of Jones, in which he listed, under the item of "Judgments and allowances in my favor entered in any court," $28,050.

The question presented is whether, upon the facts stated, the item as returned by the assessor was subject to taxation for the year 1916. Section 6300, Rev. St. 1913, in so far as it applies to the present inquiry, provides:

"All property in this state   *   *   *   shall be subject to taxation, and shall be valued at its actual value *   *   *   and shall be assessed at twenty per cent. of such actual value.   *   *   *   Actual value as used in this chapter shall mean its value in the market in the ordinary course of trade."

For the purpose of taxation of personal property, the revenue law requires that such property shall be listed and assessed with reference to ownership and value as of the date of April 1 in the year for which the property is required to be listed. *Wood v. McCook Water-Works Co.*, 97 Neb. 215. It will be noted that the actions in the district court were founded upon causes sounding in tort, and that the judgments rendered therein on May 8, 1911, had been set aside and the causes dismissed by the judgment of this court. True, a writ of error had been taken to the supreme court of the United States, but the effect of the proceeding did not set aside the final judgment of this court. At most, it but suspended the final carrying into effect of that judgment until the matters in issue were determined by the supreme court of the United States. Until the supreme court, by its judgment on April 3, 1916, breathed into these judgments

the breath of life, the status of these cases was no better than pending causes of action founded upon tort waiting to be stricken from the docket.

A cause of action sounding in tort is not "property" as that term is understood in the revenue law of the state. Such rights are not taxable, for the obvious reason that until the matter is determined by an appropriate tribunal there is no means of knowing whether a liability in fact exists. But if it were conceded that the judgments were valid, and that the error proceedings simply held them in suspension, there is still another reason, under this record, why the rights of the appellee to the judgments are not taxable, and that is that on April 1 the status of the litigation was such that no value could be placed upon the right. The record is overwhelming that, before the supreme court passed upon the question on April 3, it had no actual value. As one of the witnesses expressed it: "It was simply a gambler's chance." The assessor, in testifying upon the question of value, said it was impossible to ascertain the value as of April 1, because no one knew what the decision of the supreme court would be. During his examination he was asked: "Well, if it had not been for the decision of the United States supreme court, you wouldn't have attempted to assess it, would you?" To which he answered: "Certainly not."

For the reasons that the causes of action as they stood on April 1, 1916, were not "property" within the meaning of the revenue law, and also that there was no value which could be attached to the status of the litigation, we are of the view that on April 1, 1916, the appellee's rights in the litigation were not a proper subject of taxation.

The judgment of the district court is, therefore,

AFFIRMED.