Syllabus.

## Wytheville

### Commonwealth of Virginia, Ex Rel. C. Lee Moore, Auditor of Public Accounts,

### v.

### P. Lorillard Company, Inc.

June 14, 1923.

1. Taxation—*Necessity of Legislative Enactment.*—The power to tax is an attribute of the sovereign State, and can only be enforced by legislative enactment.
2. Taxation—*Statute Construed in Favor of Taxpayer.*—Statutes imposing taxes are most strongly construed in favor of the taxpayer.
3. Taxation—*Assessment and Levy Must be Based on Legislative Authority.*—An assessment or levy of a tax must be based upon legislative authority; otherwise, the tax is invalid.
4. Taxation—*Foreign Corporations—Income Tax Statute of 1916.*—Under the statute of 1916, the income of foreign corporations is not liable for taxation.
5. Statutes—*Validity of Retrospective Laws—Retrospective Laws Looked Upon with Disfavor.*—While it is competent for the legislature to enact retrospective laws which vitally affect civil rights, such laws are looked upon with disfavor by the courts. A law will not be given a retrospective effect unless it is clear, by the language used, that such was the purpose of the legislature.
6. Statutes—*Validity of Retrospective Laws—Retrospective Laws Looked Upon with Disfavor—Tax Act of March 14, 1918.*—There is nothing in the tax act approved March 14, 1918, to warrant a retrospective construction so as to apply its provisions to the income of foreign corporations accruing during the year 1917.
7. Taxation—*Beginning of Tax Year—Income Taxes.*—It is clear that in Virginia, the beginning of the tax year is February 1 of each year, that all assessments should be made as of that date, and that this rule is applicable to incomes, as well as to persons and property.
8. Taxation—*Status of Persons and Property Relates to a Day Certain in Each Year.*—The taxable status of persons and property generally relates to a day certain in each year. When the law thus provides, no taxes can be legally assessed and levied for a particular year unless the conditions requisite to liability exist on the day fixed.

9. TAXATION—*Assessment—Income of Foreign Corporations—Act of March 14, 1918—Case at Bar.*—The fact that the examiner of records reported the 1917 income of a foreign corporation to the commissioner of the revenue July 25, 1918, after the act of March 14, 1918, became effective, and the commissioner assessed the tax thereon September 7, 1918, does not make it a valid assessment under the act of March 14, 1918. This act, in terms, provides for a tax on incomes received or due, "within the year next preceding the first of January in each year," and clearly had no reference to a first day of January which had already passed.

10. TAXATION—*Equality and Uniformity—Failure of Officials to Discharge their Duties within the Time Required by Law.*—If the failure of the examiner of records and thec ommissioner to discharge their duties, within the time prescribed by law, could validate assessments otherwise invalid, they could thereby destroy the equality and uniformity of the tax laws, and place tax burdens upon people without legal authority so to do.

11. TAXATION—*Effect of Act of March 14, 1918—Income of Foreign Corporations.*—The act of 1918 did more than simply provide new machinery for the assessment of income taxes. It made the incomes of foreign corporations liable for taxation for the years 1919 and thereafter, which, without the passage of that act, would not have been so liable.

12. TAXATION—*Persons and Corporations Liable for Income Taxes—Statute Determining Liability.*—Persons and corporations by whom returns on incomes should be made, must be determined by the statute in force on February 1 of the year in which the return is made.

13. TAXATION—*Persons and Corporations Liable for Income Taxes—Statute Determining Liability—Liability of Foreign Corporations for the Year 1917.*—There was no law in this State by which a foreign corporation doing business in Virginia and elsewhere could be compelled to pay a State income tax on its income for the year 1917.

Error to a judgment of the Hustings Court of the city of Richmond, in a proceeding to correct an erroneous assessment of taxes. Judgment for applicant. Commonwealth appeals.

*Affirmed.*

The opinion states the case.

*E. Warren Wall,* for the Commonwealth.

*McGuire, Riely & Eggleston,* for the defendant in error.

WEST, J., delivered the opinion of the court.

This is an appeal from an order of the Hustings Court of the city of Richmond, refunding to P. Lorillard Company, Inc., $1,500 of State taxes assessed and paid on its 1917 income.

The Lorillard Company is a New Jersey corporation engaged in the manufacture of tobacco products, and operates factories and plants in many different States, including New Jersey, New York, Pennsylvania, Delaware, Ohio, Wisconsin, Kentucky, Maryland and Virginia, and derives income from business done in all the States of the Union, and in foreign countries. All of its products manufactured in the State of Virginia are sold at its main office in New York to customers in different States and in foreign countries. No sales are made in the State of Virginia. Its principal office is located in New Jersey, and its chief place of business in Virginia is in the city of Richmond.

The foregoing facts were true during the whole of the years 1917 and 1918, and the company was duly licensed to do business in the State of Virginia during those two years.

On July 25, 1918, the examiner of records of the city of Richmond reported to the commissioner of revenue of the city that the Lorillard Company received an income of $150,000 on Virginia business during the year 1917. On September 6, 1918, the commissioner entered the same on his books and extended a tax of $1,500 thereon. The Lorillard Company paid this tax under protest, and on May 26, 1919, filed its application to have said assessment corrected and the tax paid by it

refunded. On March 20, 1920, the order complained of was entered. On April 1, 1921, on a rehearing, the court entered an order adhering to its decision of March. 20, 1920.

The Commonwealth contends that the company is liable for the income taxes in question under the act approved March 14, 1918 (Acts 1918, c. 219), which became the law on June 21, 1918.

The company maintains that the provisions of the act of 1918 do not apply, and that at the time and for the year for which the assessment was made, there was no law of Virginia which authorized the assessment of such a tax upon the income of a foreign corporation doing business in this State and elsewhere.

[1-3] The power to tax is an attribute of the sovereign State, and can only be enforced by legislative enactment. Statutes imposing a tax are most strongly construed in favor of the taxpayer. An assessment or levy of a tax must be based upon legislative authority, otherwise, the tax is invalid.

[4] Under the 1916 statute (Acts 1916, c. 472), the income of foreign corporations was not liable to taxation. *Commonwealth* v. *P. Lorillard Co., Inc.,* 129 Va. 74, 105 S. E. 683. The sole question for decision is whether the act approved March 14, 1918, *supra,* applies to the income of the company which accrued during the year 1917.

[5, 6] While it is competent for the legislature to enact retrospective laws which vitally affect civil rights, such laws are looked upon with disfavor by the courts. A law will not be given a retrospective effect unless it is clear, by the language used, that such was the purpose of the legislature. We find nothing in the 1918 act to warrant such a construction.

In Cooley on Taxation (3d ed.), Vol. 1, pp. 494, 495,

we find this: "But there is commonly a presumption that any new tax law was *not intended to reach back* and take for its standard of apportionment a state of things that may no longer be in existence. 'New burdens,' it is very justly said, 'ought always to be *prospective*,' and it is reasonable to suppose the legislature has intended that they should be. Such a supposition is in harmony with the general rule of law which requires that the courts 'always construe statutes as *prospective* and *not retroactive*, unless constrained to the contrary course by the *rigor* of the phraseology.' "

The 1916 statute especially provided that its provisions should apply to the "assessment and collection of the State income tax for the year 1916, and thereafter until otherwise provided for." The act of 1918 contains no similar provision, and the act of 1916 remained in force until June 21, 1918, when the former act became effective.

The act to raise revenue for the support of the government, etc., approved April 16, 1903 (Acts 1902-04, c. 148), provides, in section 1, "that the taxes on persons, property and *incomes* for the year commencing the first day of February, 1903, and each year thereafter, and on licenses to transact business, shall be as follows:"

The act approved March 18, 1915 (Acts 1915, c. 147), provides that, "The commissioner shall ascertain and assess all the personal property not exempt from taxation, and all subjects of *taxation* in his county, district or city, on the first day of February in each year. * * *"

[7] It is clear that in Virginia, the beginning of the tax year is February 1st of each year, that all assessments should be made as of that date, and that this rule is applicable to incomes, as well as to persons and property. *Tiller* v. *Excelsior Coal Co.*, 110 Va. 153, 65 S. E. 507.

In *Pardee* v. *Commonwealth*, 102 Va. 908, 47 S. E. 1010, the court said: "According to the uniform interpretation placed upon the revenue laws of this State, *February 1st, the day which separates one tax year from another*, has been fixed upon as *the time for ascertaining the ownership and value of property for taxation*, and a departure from that rule can only result in confusion and inconvenience."

The interrogatories sent out by the Auditor of Public Accounts, one of which was presented to the company to be used by it in this case, required the taxpayer to report for assessment in accordance with the statute of 1916, and directed the commissioner of the revenue to procure the return and lay it before the local board of review and the examiner of records on or before June 1, 1918.

In *Commonwealth* v. *United Cigarette Machine Company*, 120 Va. 845, 92 S. E. 901, the court held that "such assessments are to be made according to the law in force at the time the assessment should have been made."

[8] The taxable status of persons and property generally relates to a day certain in each year. When the law thus provides, no taxes can be legally assessed and levied for a particular year unless the conditions requisite to liability exist on the day fixed. 27 Am. & Eng. Ency. L. (2d Ed.) 662.

The revenue laws commonly provide that an assessment shall be made, or shall be completed on a certain day, or within a certain time. * * The assessment must always be made as of the statutory date. * * A delay beyond that time will not enable the assessor to include in his list persons or property * * not subject to taxation on that date. 37 Cyc. 989, 990.

[9] The fact that the examiner of records reported

the 1917 income to the commissioner of the revenue on July 25, 1918, after the 1918 act became effective, and that the commissioner assessed the tax thereon on September 7, 1918, does not make it a valid assessment under said act. This act, in terms, provides for a tax on incomes received or due "within the year next preceding the first of January in each year," and clearly had no reference to a first day of January which had already passed.

[10] If the failure of the examiner of records and the commissioner to discharge their duties within the time prescribed by law could validate assessments otherwise invalid, they could thereby destroy the equality and uniformity of the tax laws, and place tax burdens upon people without legal authority so to do.

[11] We cannot concur in the contention of the Commonwealth that the repeal of the 1916 act by the act of 1918 involves nothing more than the question of setting up a standard for the determination of the amount of the company's income which should be taxed. The act of 1918 did more than simply provide new machinery for the assessment of income taxes. It made the incomes of foreign corporations liable for taxation for the years 1919 and thereafter, which, without the passage of said act, would not have been so liable.

The Court of Appeals of New York, in the case of *People* v. *Miller*, 179 N. Y. 227, 230, 71 N. E. 930, 931, passing on a question involving the validity of a franchise tax on receipts, said: "The statute under which the tax was imposed had no existence until October 1, 1901. It speaks only from that day, and of future transactions of the company. *That was the day on which the statute commenced to operate upon the relator,* and no tax can be imposed on any business transacted prior to that day. The statute is not in terms retro-

active, but clearly prospective, in its operation. No law can properly be held retroactive unless so expressed. In the absence of such clear declaration, laws operate only in the future and upon future transactions. If there were no other guide, the first day of October, 1901, was the day fixed by the statute for the relator to commence to pay. But by plain implication the legislature fixed that day three months after the law went into operation—that is to say, on January 1, 1902; since it provided for an annual tax calculated for the calendar year. The calendar year referred to in the statute must necessarily mean the first calendar year occurring after the law took effect; that is to say, the year 1902.   *   *''

In *Georgia R. & Banking Co.* v. *Hutchinson*, 125 Ga. 762, 54 S. E. 725, the Supreme Court of Georgia held as follows: ''The law required the railroad to make its return on or before the 1st day of May. (Pol. Code, 1895, sec. 784.) This act was approved August 23, 1905, and became effective in Hancock county at a later period. No tax could be levied and collected for the year 1905. *  *  The tax collector was without authority at law to collect any tax for the year 1905.''

[12, 13] For the foregoing reasons, we are of opinion that persons and corporations by whom returns on incomes should be made, must be determined by the statute in force on February 1st of the year in which the return is made; and that on February 1, 1918, there was no law in this State by which a foreign corporation doing business in Virginia and elsewhere could be compelled to pay a State income tax on its income for the year 1917. The order complained of is plainly right and will be affirmed.

*Affirmed.*