Syllabus.

# Richmond.

## ANDERSON BROTHERS, INCORPORATED, v. COMMONWEALTH OF VIRGINIA.

January 17, 1924.

Absent, Sims and Burks, JJ.

1. TAXATION—*Income Taxes—Year in Which Income is Earned—Case at Bar.*—In the instant case plaintiff contended that its income earned in the calendar year 1918 was taxable at the rate imposed under previous statutes and not at the rate prescribed by Acts 1919, chapter 43. Plaintiff's argument was largely based upon the statute, which fixes February 1st of each year as the date for the annual assessment of all taxable property, and claims that, inasmuch as on that date in 1919 the legal rate imposed upon incomes earned in 1918 was one per cent, therefore, the imposition of two per cent under Acts 1919, chapter 43, was illegal.

   *Held:* That this view ignored the fact that the date for assessing taxes may be changed by the General Assembly, and also that the State has power to increase the rate.

2. TAXATION—*Incomes—Year in Which Income is Earned.*—Incomes are taxed, not in the year such income is received, but in the succeeding year, and under Acts 1919, chapter 43, the taxes assessed upon incomes in 1919, though measured by receipts in 1918, are taxed for that year, and manifestly it is upon incomes liable to taxation in 1919 that the increased rate prescribed by Acts 1919, chapter 43, is imposed.

3. TAXATION—*Construction of Tax Act—Application of Statute Increasing Income Rate to Income of Preceding Year.*—Acts 1919, chapter 43, increasing the rate on income from one per cent to two per. cent, provided that the taxes imposed by the act should be "assessed and collected for the year nineteen hundred and nineteen and thereafter, until otherwise provided by law." Plaintiff in the instant case contended that the legal rate of taxation on its income received in 1918 was only one per cent, and that the rate prescribed by Acts 1919, chapter 43, could not be imposed on its income earned in the year 1919.

   *Held:* That plaintiff was taxable on its income earned in 1918 at the rate prescribed by Acts 1919, chapter 43.

Error to a judgment of the Hustings Court of the city of Richmond on a motion to correct an erroneous assessment.  Judgment for the Commonwealth.  Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. E. Byrd* and *Fulton & Wicker*, for the plaintiff in error.

*J. Vaughan Gary, E. Warren Wall, John R. Saunders, Attorney-General*, for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The net taxable income of Anderson Brothers, Incorporated, for the year ending December 31, 1918, was $168,909.00, but it returned for taxation only $68,447.00 upon which it paid income taxes in 1919 at the rates prescribed by the act approved September 5, 1919 (Acts 1919, page 69), that is, one per cent on the first $3,000.00 thereof and two per cent on the residue, aggregating $1,338.94.  In 1921, the examiner of records reported that the corporation was liable for taxes on $100,462.00 of additional income received in 1918 but omitted in its 1919 return, at the rate of two per cent, amounting with accrued interest and penalty to $2,362.86; and assessment thereof was made December 21, 1921.  The company filed its petition praying for exoneration from the additional taxes thus assessed, claiming that the legal rate of taxation on its entire income received in 1918 was only one per cent, which was the rate imposed under previous statutes, and that the rates prescribed by the act of September 5, 1919, could not be lawfully imposed upon its income earned as this was, in the calendar year 1918.

The trial court, however, held the assessment valid under the 1919 act, and refused to exonerate the company from the additional taxes so assessed.   It is of this that the company complains.

[1] Whether or not the legal rate thereon is two per cent, as prescribed by the 1919 act, or one per cent, the rate theretofore imposed, is the single question here involved.

The act of 1919, in terms, provides that "the taxes imposed by this act shall be assessed and collected for the year nineteen hundred and nineteen and thereafter, until otherwise provided by law."

The argument for the company is largely based upon the statute, which fixes February 1st of each year as the date for the annual assessment of all taxable property, and claims that inasmuch as on that date in 1919 the legal rate imposed upon incomes earned in 1918 was one per cent, therefore, the imposition of two per cent on any part thereof was illegal.   This view ignores the fact that the date for assessing taxes may be changed by by the General Assembly, and also that the State has power to increase the rate.   The power of the State, however, to prescribe the rate and to change it cannot be and is not here questioned.   The true question is as to whether the applicable rate was changed by the act of 1919.

[2] It must be observed that the language of the statute under review refers specifically to taxes for 1919 and thereafter.   Under another section it is clear that incomes received in 1919 could not either be ascertained, assessed, or taxed until the end of that year.   Incomes are taxed, not in the year such income is received, but in the succeeding year.   These taxes are for 1919, though based upon and measured by the amount of income received in 1918.   The taxes assessed in 1919 are taxes for

that year, and manifestly it is upon incomes liable to taxation in 1919 that the increased rate is imposed. Unless this is the true interpretation of the statute, the words under consideration are meaningless and inoperative. Without them the increased rate and the entire act would have been operative on income received in 1919 but assessable in 1920. Unless intended to increase the taxes on 1918 income, assessable in 1919, they are meaningless. Their import is, we think, apparent, because the language is fairly susceptible of but one construction, which is that the taxes for 1919 (meaning taxes assessed in 1919) are by the act increased.

[3] The case of *Commonwealth* v. *Lorillard Co.*, 136 Va. 258, 118 S. E. 323, is relied on to support the contention here made for the company, but it cannot be so construed. The act which became effective June 21, 1918 (Acts 1918, page 356), was there construed. That act imposed a tax on the income of foreign corporations. It was held to operate prospectively and that it did not impose any tax on income earned in 1917. The act of 1918, however, contained no language indicating any purpose to give it any retrospective effect. Here we have in the 1919 act language which clearly does indicate such a purpose. That language is that "the taxes imposed by this act shall be assessed and collected for the year nineteen hundred and nineteen." These are mandatory words, and as the taxes here questioned were imposed by that statute, as well as for that year, their imposition is legal and the assessment is valid.

*Affirmed.*