BOX ELDER COUNTY et al. v. CONLEY, County Assessor et al.

No. 4731. Decided January 7, 1930. (284 P. 105.)

*George P. Parker,* Atty. Gen., and *M. Logan Rich,* Asst. Atty. Gen., for appellants.

*Lewis Jones,* Co. Atty. and *J. W. Horsley,* both of Brigham City, for respondents.

ELIAS HANSEN, J.

This proceeding was begun in the district court of Box Elder county, Utah, pursuant to the provisions of the Uniform Declaratory Judgments Act (Laws Utah 1925, c. 24). The facts upon which this controversy is founded are these: During the month of March, 1927, an automobile was assembled at Oakland, Cal., and shipped to Box Elder county, Utah. On May 1, 1927, one Vance H. Tingey, a resident and freeholder of Box Elder county, Utah, purchased the automobile. The county commissioners of Box Elder county, Utah, contend that the automobile was not taxable as the property of Vance H. Tingey for the year 1927. The county assessor and the county treasurer of Box Elder county, Utah, contend that the automobile was taxable for the year 1927. That is the only question involved in this proceeding.

The trial court found that the automobile was not taxable for the year 1927. The county assessor and county treasurer prosecute this appeal from the judgment.

The determination of the question which divides the parties involves a construction of the following provisions of our statutory law:

"The assessor must, before the first Monday of May of each year, ascertain the names of all taxable inhabitants, and all property in the county subject to taxation, except such as is required to be assessed by the state board of equalization, and must assess such property to the person by whom it was owned or claimed, or in whose possession or control it was at twelve o'clock m. of the 1st day of January next preceding, and at its value on that date. Credits must be assessed as provided in § 5878 and subd. 6 of § 5877. No mistake in the name of the owner or supposed owner of property renders the assessment thereof invalid. In order that the assessors, as provided in § 5086, shall have their offices fully acquainted with all the property in the respective counties, they shall be required to visit each separate district or precinct, either in person or by deputy, annually, and in person or by deputy annually inspect the property they are required to assess. The intent of the last two provisions is to require assessors to acquire as full knowledge as possible of the property that should be entered upon the assessment roll in their respective counties, so that all property shall be assessed and bear its share of the burden of taxation." Comp. Laws Utah 1917, § 5876, p. 1148.

"When any personal property liable to taxation is brought into a county at any time after the 1st day of January, and such property has not been assessed for that year, it must be listed and assessed the same as if it had been in the county at the time of the regular assessment, and such assessment shall be reported by the Assessor to the Auditor, if made after the assessment book has been delivered to the County Treasurer, and the Auditor shall charge the Treasurer with the taxes thereon, and the tax must be collected by the Treasurer as provided in this title." Laws Utah 1919, § 5921, p. 322.

The law applicable to a state of facts such as exist in this case is thus stated in Cooley on Taxation (4th Ed.) § 446, vol. 2:

"Of course, it is necessary that there be a time as of which the taxable situs of property is to be fixed, whether the situs is dependent

on the location of the property or of the person. Generally, a date is fixed by statute as of which the situs of property for purpose of taxation depends, at least so far as the place within the state where property is to be taxed is concerned. The legislature may fix a definite date as of which the situs of personal property for taxation is to be determined, and may also provide for the taxation of certain property brought into the state after the tax date; but in the latter case the statutes should be so construed, if possible, as to prevent double taxation. If no tax date is fixed by statute, then the date of the levy governs.

"Unless otherwise provided by statute, personal property brought within the state or taxing district after the tax day is not taxable, where the power to tax depends on the location of the property, and on the other hand, the removal of property or the person after the tax day does not relieve the property from the tax."

To the same effect see *Hammond Lumber Co.* v. *Smart*, 129 La. 945, 57 So. 277, 38 L. R. A. (N. S.) 857; 26 R. C. L. § 235, p. 268.

The following cases support the general rule of law that, where the taxable status of property relates to a day certain in each year, no taxes can be legally assessed and levied for a particular year unless the conditions requisite to liability exist on the day fixed. *White* v. *State of Georgia*, 51 Ga. 253; *Wangler Bros.* v. *Black Hawk Co.*, 56 Iowa 384, 9 N. W. 314; *Commonwealth* v. *P. Lorillard Co.*, 136 Va. 258, 118 S. E. 323; *People* v. *City of St. Louis*, 291 Ill. 600, 126 N. E. 529; *Southern Ins. Co.* v. *Board of Assessors et al.*, 49 La. Ann. 401, 21 So. 913; *Long* v. *Culp*, 14 Kan. 412; *Oregon Navigation Co.* v. *City of Portland*, 2 Or. 81; *Herzfeld-Phillipson Co.* v. *Milwaukee*, 177 Wis. 431, 189 N. W. 661; *Natick & C. St. Ry. Co.* v. *Wellesley*, 207 Mass. 514, 93 N. E. 834; *Powers* v. *Worcester*, 210 Mass. 471, 97 N. E. 95; *Seward County* v. *Jones*, 105 Neb. 705, 181 N. W. 652; *Wildberger* v. *Shaw*, 84 Miss. 442, 36 So. 539; *Rogers* v. *Gookin*, 198 Mass. 434, 85 N. E. 405; *State* v. *Hardin*, 34 N. J. Law, 79; *Winters et al.* v. *School District* (Tex. Civ. App.) 208 S. W. 574; *People* v. *Purdy*, 72 Misc. Rep.

122, 130 N. Y. S. 1077; *Bunkie Brick Works* v. *Police Jury*, 113 La. 1062, 37 So. 970; *Dodge* v. *Nevada Nat. Bank* (C. C. A.) 109 F. 726. See also 27 Cyc. 769, 27 Am. & Eng. Law (2d Ed.) 662.

Appellants do not question the soundness of the general rule of law announced in the foregoing cases. They contend that the general rule has no application to personal property brought into this state after January 1st of any particular year. Such contention is founded upon the provisions of Laws Utah 1919, § 5921, heretofore quoted in this opinion. Appellants cite the following cases in support of their position: *Nathan* v. *Spokane County*, 35 Wash. 26, 76 P. 521, 65 L. R. A. 336, 102 Am. St. Rep. 888; *Spaulding* v. *Adams County*, 79 Wash. 193, 140 P. 367, 368; *Hammond Lumber Co.* v. *Smart*, 129 La. 945, 57 So. 277, 38 L. R. A. (N. S.) 856; *Griggsry Construction Co.* v. *Freeman*, 108 La. 435, 32 So. 399, 58 L. R. A. 349. In the case of *Griggsry Construction Co.* v. *Freeman*, supra, it was held that a contractor's outfit consisting of mules, scrapers, etc., which were brought into Louisiana from another state to be used for the construction of a railroad bed were subject to taxation in Louisiana, and the fact that such property was taxed in another state could not affect the right of Louisiana to tax the property. The case of *Hammond Lumber Co.* v. *Smart* holds that personal property moved from one taxing unit to another after the date fixed for assessment may be assessed in the latter taxing unit. The case of *Spaulding* v. *Adams County*, supra, involves the construction of an act of the Legislature of the state of Washington which reads as follows:

"Whenever any person, firm or corporation shall, subsequent to the first day of March of any year, bring or send into any county any stock of goods or merchandise to be sold or disposed of in a place of business temporarily occupied for their sale, without the intention of engaging in permanent trade in such place, the owner, consignee or person in charge * * * shall pay to the collector of taxes a tax at the rate assessed for state, county and local purposes in the taxing district in the year then current."

Subsequent to March 1st Spaulding shipped a stock of buggies in a dismantled condition into the state of Washington. The buggies were taken to a warehouse and there reassembled and kept until sold by soliciting agents who usually delivered them to the purchasers, although some were delivered from the warehouse. The court held that the buggies were taxable. The case of *Nathan* v. *Spokane County*, supra, holds that a legislative act such as the one involved in the case of *Spaulding* v. *Adams County*, supra, is not unconstitutional.

The Legislature of Utah doubtless has the power to levy a tax for the current year upon property which is brought into the state after January 1st. The law seems to be settled that, in the absence of constitutional objections, the legislative power of a state may make property within the state subject to taxation relate to any day, and the fact that a day certain is fixed for an assessment does not preclude the Legislature from requiring that an assessment be made as of any other period of the year. *Nelson Lumber Co.* v. *Loraine* (C. C.) 22 F. 54; *Shotwell* v. *Moore*, 129 U.'S. 590, 9 S. Ct. 362, 32 L. Ed. 827. The question here presented, however, is, Does the language used in Laws Utah 1919, c. 114, § 5921, show a legislative intention to tax for the current year personal property brought into the state after January 1st? In the case of *Spaulding* v. *Adams County*, supra, relied upon by the appellant, it is clear that the language used in the act there involved applied to property brought into the state after March 1st. Concededly the provisions of section 5876, Comp. Laws Utah 1917, unaided by the provisions of section 5921, Laws Utah 1919, do not authorize an assessment of taxes for the current year on property brought into this state after January 1st. It is equally clear that the provisions of section 5921, Laws Utah 1919, do not authorize an assessment or levy for the current year upon all property brought into the county after January 1st. By express language the only property that the county assessor may assess is such property as is liable to

taxation. It could not well be contended that personal property assessed and liable for taxation in one county during a given year could again be legally assessed for taxes for the same year merely because it was moved into a different county. There is no language contained in section 5921 or elsewhere in chapter 114, Laws Utah 1919, which indicates that the Legislature intended to tax any property that was not taxable before that act was passed. On the contrary the assessment authorized by that section is limited to property liable to taxation. Comp. Laws Utah 1917, § 5876, designates the property which is liable to taxation. That section is not amended or modified by the provisions of Laws Utah 1919, § 5921. The latter law is calculated to aid in the collection of taxes on property already liable to taxation, but does not provide that any additional property shall be liable to taxation.

We are of the opinion that Laws Utah 1919, c. 114, § 5921, is limited in its application to property which has been moved from one county to another within the state and does not apply to property which was not in the state on January 1st of the year for which it is sought to be taxed.

THE JUDGMENT IS AFFIRMED.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.