WILLIAMS, Judge
(dissenting):
I am unable to agree with the decision reached by the majority and therefore respectfully dissent.
This is a suit by plaintiff to recover taxes paid by plaintiff under protest to the defendant, Sheriff and Tax Collector of Morehouse Parish, for the years 1967 and 1968. Plaintiff is a corporation domiciled in West Carroll Parish. In 1967 plaintiff did .land clearing in Morehouse for a third party. The equipment used was in More-house Parish in April 1967 for approximately six weeks. It was then moved back to West Carroll. Later in 1967 plaintiff returned the heavy land clearing equipment and completed the work for the third party in November, 1967. The land being cleared was to be used for agricultural purposes.
The assessor for Morehouse Parish learned of plaintiff’s having equipment in Morehouse. He discovered there was no assessment of such movable equipment in West Carroll and then assessed plaintiff’s “land clearing equipment” on the More-house tax rolls for 1967. Plaintiff paid the 1967 taxes on May 18, 1968 to the sheriff under protest. The taxes totaled $477.50 plus penalties and cost. On June, 1968 plaintiff and the Morehouse Parish School Board entered into a lease agreement for certain lands in Morehouse, the term of the lease being from June, 1968 through December 31, 1974. The consideration for this lease was that plaintiff clear the land of brush, trees and debris ready for cultivation for the crop year 1970. In July 1968 plaintiff moved land clearing equipment from West Carroll to More-house and began to clear the lands plaintiff leased from the School Board. Plaintiff’s equipment remained only a short time in Morehouse in 1968. Weather conditions did not permit much clearing of the lands leased. The District Court distinguishes plaintiff’s category in the year 1968 from that of 1967. In 1967 plaintiff worked only for third persons in Morehouse; in 1968 the District Court viewed plaintiff’s actions as working only for plaintiff. This reason does not have a sound basis. Actually plaintiff was working for the More-house School Board. Plaintiff was being compensated for its work by the use of the “cleared” land for the years 1971, 1972, 1973 and 1974. There should be no difference in the treatment of plaintiff’s work involvement of 1968 from the year 1967.
The Assessor for Morehouse learned plaintiff’s equipment was being used in his parish and assessed plaintiff with “land clearing equipment” for the year 1968. Plaintiff paid the 1968 taxes amounting to $925 on October 25, 1968 to the Sheriff under protest. This suit was filed first to recover the 1967 taxes paid and by amended petition plaintiff sought to recover the 1968 taxes paid. The judgment of the District Court rejected plaintiff’s demands for the 1967 taxes but allowed plaintiff to recover the 1968 taxes. From this judgment plaintiff and defendant have appealed from the portions thereof adverse to their respective positions.
Plaintiff assigns the following errors to the District Court’s ruling:
(1) In holding plaintiff’s “land clearing equipment” was not exempt under Act 10 Section 4(3) of the Louisiana Constitution from taxes for the year 1967;
(2) In holding that such movable equipment may be placed on the tax rolls of the Parish other than plaintiff’s domicile and where such movable equipment was in the assessing parish after January 1 of the taxable year and then only part of such tax year.
Defendant’s position is:
(1) The property in question is not exempt from taxation under Louisiana’s Constitution. The equipment is and was used *150 for land clearing and is not “Agricultural implements used in cultivation, production, and harvest of crops”.
(2) Movable property may be assessed in a parish where it is located and if not assessed at the domicile of the owner, even though said property was not in said parish on January 1 of the tax year.
I strongly suggest that land clearing equipment as that involved herein and used by plaintiff is not exempt under the terms of our Louisiana Constitution. There is a material difference between the type of equipment primarily used for land clearing and that for “cultivation, production and harvesting of crops.” Plaintiff’s machinery or equipment is used to make capital improvements for owners of land. I do not see how the plaintiff can qualify under the exemption. Our Constitution contemplates the use of the machinery in the annual production of agricultural activities not a “one shot” clearing of large or small tracts prior to the raising of crops or other agricultural pursuits.
I agree with defendant that in both 1967 and 1968 the “land clearing equipment” of plaintiff should be assessed and taxes paid.
There is proof that plaintiff was not assessed in the parish of its domicile on this equipment. Under the holding of the case of Hammond Lumber Company v. Smart, 129 La. 945, 57 So. 277, 38 L.R.A.,N.S., 856 (1912) an assessment may be made on property not then in the parish on January 1, but later in the year brought into said parish.
Finally in the case of Griggsby Construction Company v. Freeman, 108 La. 435, 32 So. 399, 58 L.R.A. 349 (1902) the parish in which the movable property was located may assess same, if the property is not assessed at the domicile of the owner.
The holding of the District Court rejecting the refund of taxes for 1967 appears correct. The allowing of refund for 1968 is not a valid conclusion.
For the foregoing reasons, I respectfully dissent from the reversal of the trial court’s refusal to order refund of the taxes paid by plaintiff for the year 1967 and the affirming of the trial court’s granting a refund of taxes paid by plaintiff for the year 1968.
Rehearing denied.
Williams, J., dissents from refusal.