PEARSON, TILLMAN, Chief Judge.
The appellants were the plaintiffs in a complaint for declaratory relief wherein they sought a decree that they were not required to maintain in force a certain insurance policy for the full period of the five-year term thereof. The policy had been procured by the plaintiffs as mortgagors under a mortgage requiring that their real property be insured. They claimed the right to substitute another policy upon the first annual renewal date of the original policy. The appellee, a company engaged in the placing and servicing of mortgages, was one of the defendants in said action and denied that appellants were entitled to substitute another policy for the one in force. This appeal is from a decree denying the right of substitution. We reverse.
The plaintiffs are the owners of real property in Dade County, Florida. On March 3, 19S9, they executed and delivered to the defendant, J. I. Kislak Mortgage Corporation of Florida, a mortgage encumbering their property. In accordance with the terms of the mortgage, plaintiffs procured an insurance policy, dated March 2, 1959, which provided for premium payments in annual installments for a period of five years. This policy was accepted by the defendant mortgage company as satisfactory under the terms of its mortgage. Nevertheless, on or about July 29, 1959, the plaintiffs caused to be issued to them a *297 new insurance policy covering their property and instructed the defendant mortgage company to substitute the new policy upon the next anniversary date of the first policy. Defendant-appellee promptly returned the second policy with a letter [1] in which it refused to accept the second policy and asserted that the plaintiffs had no right to change coverage during the five-year term.
Appellants maintain that the denial to them of the privilege of changing insurance policies upon the annual payment date of the said policy is in violation of section 626.0609(1), Fla.Stat, F.S.A., which reads as follows:
“No person, firm or corporation engaged in selling real or personal property or in the business of financing the purchase of real or personal property or of lending money on the security of real or personal property and no trustee, director, officer, agent, or other employee of any such person, firm or corporation shall require, as a condition precedent, concurrent, or subsequent to the sale or financing the purchase of such property or to lending money upon the security of a mortgage thereon, or as a condition precedent, concurrent, or subsequent for the renewal or extension of any such loan or mortgage or for the performance of any other act in connection therewith, that the person, firm or corporation purchasing such property or for whom such purchase is to be financed or to whom the money is to be loaned or for whom such extension, renewal or other act is to be granted, or performed, negotiate any policy of insurance or renewal thereof covering such property through a particular insurer, agent or solicitor.”
It should be noted that there is no claim by defendant that the second insurance policy was in any way less satisfactory to the mortgagee than the first. The sole question is whether or not the refusal of the mortgagee was contrary to the terms of the statute. It is agreed that: (1) The mortgagor selected the company, agent, policy and term of the original policy of insurance. (2) The mortgagor executed at the time of placing the insurance and the negotiation of the mortgage a form which recognized that it was not the policy of the mortgagee company to allow changes of insurance policies during the term thereof. (3) The appellants-mortgagors contend that they should be entitled to substitute a new insurance policy upon their annual renewal date and not at any other time.
The appellee maintains that there is no element of coercion and that, therefore, the statute quoted is not applicable to this situation. It also contends that even if the statute should be held applicable that the term in the statute “any policy of insurance or renewal thereof” refers to the end of the term expressed in the insurance policy and not to the annual payment date thereof.
Neither appellants nor appellee has been able to refer the court to a case decided under this statute or to a case decided under a similar statute in another jurisdiction.
The decree was in part as follows: “This court finds that the plaintiffs are not entitled under the facts of this case or on the basis of the law applicable [tjhereto to .the relief demanded in plaintiffs’ complaint.” While this finding included in the *298 final decree is the only reference to the plaintiffs' prayer of a declaration of their rights as regards the insurance policy,[2] it must be construed as a declaration that the plaintiffs-mortgagors were not entitled to substitute the insurance policy which they tendered. In this we think the court was in error, because we hold the statute quoted as applicable to the situation and because the terms of the statute itself refer to renewal of an insurance policy.[3]
Reversed.
HORTON, J., dissents.

. The letter referred to was made an exhibit to the complaint and read as follows :
“We are enclosing your policy #HOC-39-5934 Penn Mutual Lumbermens Insurance Company policy, as we have no interest in this policy until the expiration date of the existing insurance coverage, which is March 2, 1964.
“As per the enclosed informatory statement you will notice it is not our policy to interrupt existing insurance coverage until the normal expiration date.
“If you will submit this policy at least fifteen (15) days prior to the expiration date we will be happy to accept this policy.”

. Tile prayer was as follows:
“1. That plaintiffs are not required to maintain in full force and effect for the full period of five years the insurance policy above described as Exhibit ‘B’ * *

. Where the insurance policy is for a term of years with annual premiums, such premiums are payable in advance as a condition of keeping a policy in force. Hence such premiums are known as “renewal premiums”, because they renew and continue the policy in force for another year. Cf. People ex rel. Provident Sav. Life Assur. Soc. v. Miller, 179 N.Y. 227, 71 N.E. 930, 932.